I. W. Phillips and Company, a Corporation, *Plaintiff in Error*, v. F. Watts Hall, Wesley C. Richards, R. H. Magill, Joe M. Bryan and E. M. O'Bannon, *Defendants in Error*.

En Banc.

Opinion filed May 28, 1930.

*Lucas & Twomey*, for Plaintiff in Error;

*Stewart & Presson*, for Defendants in Error.

DAVIS, Commissioner:

In this case, the plaintiff in error instituted an action upon a promissory note, which is in words and figures as follows:

"LaBelle, Fla., Dec. 30, 1926.

"No.......

"Ninety days after date, without grace, we, for value received, jointly as principals promise to pay to Marshall Jackson Co. or order, at LaBelle, Florida, the sum of Two Thousand & No/100 Dollars.

"In Gold or its equivalent in lawful money of the United States with interest after date at the rate of 8 per cent. per annum until paid. And it is agreed by the makers with the holders hereof that should this note be collected by legal process or by an attorney, we will pay all costs of the same and a reasonable attorney's fee. And each of us, whether maker, surety guarantor or endorser, hereby waives presentment and demand for payment and notice of nonpayment at maturity, and consents that this note or any part hereof, may be extended without further notice.

| "Board of | (F. Watts Hall |
| Trustees of | (Wesley C. Richards |
| Methodist Episcopal Church | (R. H. Magill |
| South, LaBelle, Fla. | (Joe M. Bryan, Trustee |
| | (E. M. O'Bannon. |

"Due—April 1, 1927.

"$2000.00."

In the declaration it is alleged that the note was duly and regularly endorsed and delivered to the plaintiff, and that the plaintiff is the *bona fide* holder of same in due course. Certain of the defendants interposed a joint demurrer to the declaration, and the ·defendant, Joe M. Bryan, filed a separate demurrer to the said declaration. The joint demurrer was sustained by the court upon the following grounds:

"That said declaration fails to state a cause of action against these defendants, or any of them.

"That said declaration shows on its face that these defendants are not liable in the capacity in which they are sued."

The separate demurrer of Joe M. Bryan, was sustained by the court upon the following grounds:

"Because the plaintiff sues the defendant, Joe M. Bryan in his personal capacity, whereas the copy of the cause of action attached to plaintiff's declaration and made a part thereof, shows on its face that the promissory note, which is the cause of action, was not signed by the said Joe M. Bryan in his personal capacity, but was signed by him on behalf of his principal, Methodist Episcopal Church, South, LaBelle, Florida; that is to say that the said cause of action shows on its face that the said Joe M. Bryan signed the same in his representative capacity as Trustee, Board of Trustees of Methodist Episcopal Church, South, LaBelle, Florida.

"Because the declaration and the cause of action attached thereto, and made a part thereof, does not show any personal liability on the part of the said Joe M. Bryan."

A judgment having been entered in favor of the defendants, the case is now here on writ of error.

It does not appear from the pleadings that the Methodist Episcopal Church, South, LaBelle, Fla., is an unincorporated religious association, which operates through a board of trustees, but that is conceded by defendants in error, inasmuch as it is stated in their brief that that is a matter of common knowledge.

Section 6780 (4694) of the Comp. Gen. Laws of Florida, 1927, reads as follows:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal does not exempt him from personal liability."

Assuming, without deciding, that the words "Board of Trustees of Methodist Episcopal Church, South, LaBelle, Fla." appearing in front of the names of the makers of the note, and that the word "trustee" appearing after the name of Joe M. Bryan, are words added to the signatures, sufficient to indicate that the makers signed for or on behalf of the Methodist Episcopal Church, South, LaBelle, Fla., we are confronted with the question whether the said church is a principal in the sense that agents, who execute a contract purporting to bind the said church, incur no personal liability on such contract.

We find no statute authorizing an unincorporated religious society or association to make contracts or to sue and be sued in its common name, and it is generally, if not

universally, recognized that, in the absence of a statute, such societies or associations have no legal existence, and that at common law, they can neither make contracts nor sue and be sued in their common name. 5 C. J. 1345, 1365 and 1369.

In 2 Corpus Juris, 808, we find that the authors have stated the following rule:

"An agent will be held personally liable where he professes to enter into a contract for a principal who is at the time non-existent, or legally incompetent or irresponsible, even though in thus entering into the contract he acts in good faith, as an agent assuming to contract for a principal must make a contract binding upon some principal, or else he himself is liable. In accordance with this rule it has been held that an agent is personally liable where he professes to enter into a contract on behalf of an unincorporated association, club or committee, or on behalf of a corporation, before its incorporation."

In the discussion of a case similar to the one which we have now under consideration, the Supreme Court of Oregon in Cousin v. Taylor, 115 Or. 472, 239 Pac. R. 96, 41 A. L. R. 750, 753, said:

"It has always been a familiar principle of the law of agency that one professing to act as agent, unless he binds his principal, is ordinarily held to bind himself. Since the contract entered into by Taylor could not be enforced against the association, Taylor, in acting as agent for the association of which he was an officer and member, in entering into a contract which has been performed by the other contracting party, is personally liable under the contract, and the same is

true as to those who either assented to his appointment or to the contract which he entered into. In the case of a voluntary unincorporated association, in the absence of statute, the law holds the officer or member thereof, who assumes to act for the association, directly responsible as principal, and the courts usually base the reason for the rule upon the ground that the officer or member has assumed to act for a principal which has no legal existence, and since the principal is not bound such officer or agent is bound and becomes personally responsible for the consideration contracted to be paid to the other contracting party for his performance of the contract. Otherwise, no one would be liable notwithstanding that the other contracting party has himself fully performed.''

In Summerhill v. Wilkes, 63 Tex. Civil Appeals, 456, 133 So. W. R. 492, a case where the building committee of a church was sued on a contract made by the ''Cumberland Presbyterian Church of Abbott, by F. B. Wilkes, chairman of its building committee'' with the Texas Seating Company, which was assigned to the plaintiff, Summerhill, the Court said, among other things:

''The law is that an unincorporated church organization cannot be made liable on its contracts. Nor can an officer of such church organization be made liable in his official capacity; but a contract signed by an officer in his official capacity binds him individually and not the church.''

In Forsburg v. Zehm (Va.), 143 So. E. R. 284, 61 A. L. R. 232, we have a case where the Stewards of Ghent Methodist Episcopal Church South were sued personally for a breach of a contract of employment of plaintiff as organist

and choir leader, and it was therein contended by the defendants that the contract was made through agents with a known principal named in the instrument and therefore they were not liable to suit. The position of the Court as to this contention is briefly stated in the first headnote to the case as reported in 61 A. L. R. 232, as follows:

"That a church is named as party in a contract for the services of a music director does not, if the church is unable to contract, prevent the members of the board acting for the church from being individually bound by the contract."

In Minnesota, there is a statute which in part reads:

"When two or more persons transact business as associates and under a common name   *   *   *   they may be sued by such common name."

And yet in Eliason State Bank v. Montevideo Baseball Ass'n., 160 Minn. 341, 200 N. W. R. 300, the Court said:

"As a general rule, a person who executes a promissory note in a representative capacity without authority becomes personally liable thereon. G. S. 1913, Sec. 5832, being Section 20, Uniform Negotiable Instruments Act; also 8 C. J. 168, Sec. 281, and cases. But it is also a well-settled rule that where the payee of a note, executed by a person in a representative capacity, took it with knowledge that it was executed without authority, he cannot enforce it against the person who so executed it."

The Supreme Court of South Carolina has held that an agent assuming to act for a principal who has no legal

status or existence is individually liable on contract so made. Medlin v. Ebenezer Methodist Church et al., 132 S. C. 498, 129 So. E. R. 830. See also 21 R. C. L. 847, McCartie v. Chambers, 6 Wend. (N. Y.) 649, 22 A. D. 556; Ryerson v. Shaw, 277 Ill. 524, 115 N. E. R. 650; Codding v. Munson, 52 Neb. 580, 66 A. S. R. 524; Alkahest Lyceum System v. Featherstone, 113 Miss. 226, 74 So. R. 151; Lawler v. Murphy, 58 Conn. 294, 20 Atl. R. 457, 8 L. R. A. 113; Fredendall v. Taylor, 23 Wis. 538, 99 A. D. 203; Eichbaum v. Irons (Pa.) 6 Watts & S. 67, 40 A. D. 540.

The same principle which we have been discussing is applied to cases where parties signing contracts designate themselves as trustees of an unincorporated association or other *cestuis que trust.* Zehnbar v. Spillman, 25 Fla. 591, 6 So. R. 214; Robinson v. Springfield Co., 21 Fla. 203; Higgins v. Driggs, 21 Fla. 103; Taylor v. Mayo, 110 U. S. 330, 4 Sup. Ct. R. 147, 28 L. Ed. 163; 26 R. C. L. 1316; Ogden, Negotiable Instruments, 25.

The judgment having been entered in this case on the demurrer to the declaration, the allegations of which were admitted, we have no question before us as to the payee having any understanding or agreement with the appellees that the payee would not look to the makers personally for the payment of the note, or if there was such an agreement or understanding, that the appellant had any knowledge of it.

It is our conclusion, therefore, that unless the quoted provision of our negotiable instrument statute has changed the rule that is applied to other contracts on behalf of an unincorporated association, when the appellees signed the note sued on, they made themselves personally liable.

In Vorachek v. Anderson, 54 N. Dak. 891, 211 N. W. R. 984, the Court held that members of a voluntary associa-

tion, signing notes as officers thereof were personally liable, though not intending to be so held. In Insurance Co. v. Burkett, 72 Mo. A. 1, certain individuals were sued on a note which it was agreed (though not appearing on its face) had been signed by the parties as trustees of a church, an unincorporated association, and the Court said:

> "Giving to the agreement the effect that though the note is signed by the parties as individuals, yet their act in signing was as trustees for the church, yet since the church was an unincorporated voluntary association of people it was not an entity capable of making a contract and did not make a contract on which it could be sued. In other words, if the signers of the note seek to escape liability on the score of agency, they must produce a responsible principal."

In neither the North Dakota case, nor the Missouri case, both of which we have just cited, did the court refer to a statutory provision similar to our statute, though the Uniform Negotiable Instrument Law containing the identical provision had been previously adopted in North Dakota. Sec. 6322 Revised Code of N. Dak. 1905.

In Ogden on Negotiable Instruments, 26, the author says:

> "Trustees and guardians, like executors and administrators, cannot bind the estate under their control, or the persons for whom or for whose benefit they act, by their promissory note, or by the acceptance of a bill of exchange; to give any validity to such a note or bill they must be deemed personally bound as makers or accepters."

Under Section 6780, (4694) Comp. Gen. Laws of Florida, 1927, for an agent, who signs a note on behalf of a

principal, to be relieved of personal liability on the instrument, he must have been duly authorized by his principal to sign it. If he signs on behalf of a non-existent principal or a principal without capacity to give authority, his action is equivalent to signing without authority for a principal who is capable of acting for himself. We cannot presume that the parties who signed the note in the instant case did not contemplate the creation of a legal obligation, capable of enforcement, and if the obligation does not bind the Methodist Episcopal Church South, LaBelle, Fla., as a legal entity, the liability must rest on the individuals who actually participated in the making of the contract.

Treating the Methodist Episcopal Church South, LaBelle, Fla., as a voluntary association (there is nothing in the record to show the contrary), it was not, as we have seen, a legal entity, capable of binding itself by contract and, with nothing within the four corners of the note to indicate that the appellees were acting for certain named members of the association or that they were not binding themselves personally, it is our opinion that the lower court was in error in sustaining the demurrer. In arriving at this decision, we state again that we have assumed that the instrument sued on was signed in a manner sufficient to indicate that appellees were signing for and on behalf of the Methodist Episcopal Church South, LaBelle, Fla. In this connection, it will be well to note that the instrument reads: "We * * * jointly as principals promise" etc., and further that the signatures of the appellees are not preceded by the word "by" to show agency. See 4 Paige on Contracts, (2d Ed.) 3632; 8 C. J. Sec. 276, pages 164-166.

The judgment of the lower court is reversed and the cause is remanded for further proceedings in accordance with law.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby reversed and the cause remanded for appropriate proceedings.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.