R. H. HUNT, *et al.,* v. W. A. ADAMS, *et al.*

149 So. 24.

Division A.

Opinion Filed June 22, 1933.

*Hampton, Bull & Crom,* for Plaintiff in Error;

*McKay, Withers & Ramsey,* for Defendant in Error.

DAVIS, C. J.—This was a suit at law in which a judgment for defendants was entered on demurrer sustained to plaintiffs' amended declaration.

The amended declaration demurred to set up an alleged contract in writing for professional services as architects

made and entered into by a building committee of an unincorporated religious institution described as the First Methodist Church of Tampa, Florida. The contract sued on was attached to and made a part of the declaration. The opening and concluding portions thereof were as follows:

"CONTRACT FOR PROFESSIONAL SERVICES

"The undersigned, as Associate Associate Architects propose to furnish professional services for a Church and Sunday School Building to be erected for the First Methodist Congregation of Tampa, Florida, at the following rates, etc.

"This the 14th day of August, 1925.

R. H. HUNT Co.

By R. H. HUNT

M. LEO ELLIOTT

"The above proposal is hereby accepted 11/23/25.

FIRST METHODIST CHURCH BUILDING COM.

"W. A. Adams, Chm.

"Attest: R. H. Wester, Sec'y."

While there are averments in the amended declaration to the effect that the defendants (members of the building committee) executed with plaintiffs as architects, the written agreement sued on, yet such allegations are contradicted by the exhibited contract made by appropriate reference a part of the amended declaration. As appears from the exhibit, W. A. Adams was the only defendant who actually signed the contract sued on. Furthermore it appears that he signed the same only as chairman of the building committee and not personally.

Agents of charitable, religious or eleemosynary and kindred unincorporated societies are, as a rule, not personally responsible on written contracts made with third parties when executed by them solely in the name of, and on be-

half of, the unincorporated charitable, religious or elee-mosynary society for which they purport to act, where the nature of the written contract entered into, and the particular manner of its execution, is on its face such as to clearly impute no intention on the part of those who sign on behalf of the unincorporated society, to bind themselves or their associate representatives personally. Pilcher's Sons v. Martin, 102 Fla. 672, 136 Sou. Rep. 386; Bryce v. Bull, 106 Fla. 336, 143 Sou. Rep. 409.

This is true notwithstanding the admittedly universal rule is to the effect that one professing to act as agent, unless he binds his principal, is ordinarily held to bind himself, and that the agent assuming to contract for a principal must make a contract binding upon same principal, or else he himself will be held liable. I. W. Phillips & Co. v. Hall, 99 Fla. 1206, 128 Sou. Rep. 635.

In the absence of a statute authorizing an unincorporated religious society or association to make contracts, or to sue and be sued in its common name, such a society or association has no legal existence and it can neither contract nor sue or be sued in its own name. I. W. Phillips & Co. v. Hall, *supra.*

But, as was said in Gryce v. Bull, *supra,* the rule imposing personal liability upon one who assumes to contract as agent for a principal having no legal existence, does not apply where the third person has knowledge of the non existence of the principal. Neither does it apply where it is understood either that the agent shall not be held, or where contractee, with knowedge of the facts, extends credit to supposed principal, or where it appears that it was understood that agent's liability should be limited to a fund held by him for purposes of his agency.

We think the instant case falls within the exception to the general rule just stated. So there was, accordingly, no

error in the Circuit Court's order sustaining defendants' demurrer to plaintiff's amended declaration.

It is plainly apparent from the declaration and its exhibit considered as a whole, that in signing the written agreement sued upon, neither defendant Adams nor his associates as members of the building committee of the First Methodist Church of Tampa, Fla., intended to assume, nor did in contemplation of law assume, any personal liability on the contract entered into by plaintiffs, as architects, with the Methodist Church as an unincorporated religious society. The Church as such an unincorporated religious society, was a known principal, concerning whose inability in law to make a legally enforceable agreement of this nature through its building committee, the plaintiffs must have been fully informed from what appeared on the face of the writing itself. In view of the known facts, plaintiffs are presumed to have yielded to what was obviously intended as a conditional limitation on the legal effect of the writing accepted.

Judgment affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN, and BUFORD, J. J., concur.