119 So.2d 305 (1960)
Robert FLORIO and Fran Florio, d/b/a Ralston Beach; H. "Stew" McDonald, d/b/a Stew's Ski School, and Tampa Ski-Bees, an Unincorporated Association, Appellants,
v.
STATE of Florida ex rel. A.L. EPPERSON et al., Appellees.
No. 1215.
District Court of Appeal of Florida. Second District.
April 6, 1960.
*307 Paul B. Johnson and H. Eugene Johnson, Tampa, for appellants.
James M. McEwen, State Atty., Tampa, for appellees.
KANNER, Judge.
The parties will be referred to as they appeared in the court below. The cause here on appeal was instituted by the state attorney of Hillsborough County under the provisions of sections 64.11,[1] 823.01,[2] and 823.05,[3] Florida Statutes, F.S.A., upon the relation of certain complaining property owners. Finding that certain activities conducted and maintained from the place of business of the defendants constituted a nuisance in the community as denounced by the statutes, the court entered a decree permanently enjoining and restraining them from these pursuits at the place where they had been conducted.
After the complaint had been filed, the defendants moved to dismiss, raising the question as to whether the complaint stated a cause of action under section 64.11 and section 823.05, Florida Statutes, F.S.A., which motion the court denied. Thereupon an answer to the complaint was filed.
Factually, it appears that the complaining parties are riparian owners of property *308 around and running into Egypt Lake, a lake of approximately 75 acres. The defendants, Robert and Fran Florio, own and operate as a public beach a 29 acre area on Egypt Lake known as Ralston Beach. The Florios lease a portion of this land to one of the defendants, McDonald, who for two years had been operating a water skiing school on Egypt Lake. Another defendant, the Tampa Ski Bees, is an unincorporated association having members who ski on the lake.
The plaintiffs as well as the defendants have engaged in water skiing on the lake. The plaintiffs objected to such things as noise, annoyance, and interference with the rights of residents of the community and their visitors in their use of the lake, erosion of the beaches, and domination of the lake by the defendants through the use of high powered tow boats and through negligent and reckless skiing to the extent that ordinary use and occupancy of the lake was rendered dangerous and unsafe for fishing, swimming, and skiing, thus resulting in a dangerous condition annoying and injuring the health of the community and physically jeopardizing plaintiffs and their children in use of their own property. They also objected to a forty-five minute ski show presented on Sunday afternoons by the Ski Bees for patrons of Ralston Beach. Thus, in this controversy, the interests of the plaintiffs as residents and riparian owners are opposed to the much more extensive and essentially commercialized interests of the defendants, although defendants assert that their interests are legitimate and good.
It was found and held by the chancellor after hearing that defendants, Robert and Fran Florio, doing business as Ralston Beach, had been leasing space on Egypt Lake to H. "Stew" McDonald, doing business as Stew's Ski School, and to the Tampa Ski Bees, an unincorporated association; that the defendants had allowed and participated in water skiing to such an extent that their activities interfered with the free use, occupancy, possession, and enjoyment by the plaintiffs of their own property; that these activities annoyed the community around Egypt Lake and had rendered dangerous and uncomfortable the ordinary use and occupancy of the lake by the parties plaintiff and their friends; that the defendants maintained an activity and project too big for Egypt Lake; that defendants' activities constituted a nuisance; and that their use of the lake had, in effect, prevented peaceful and comfortable use by the plaintiffs of their own property and of the lake.
A decree was then issued by the court enjoining the skiing operations of the defendants. Paragraph one of that order pertained to the finding that the defendants maintained a nuisance subject to injunction. Paragraph two enjoined the Florios from leasing their property known as Ralston Beach, or any part of it, to the other defendants for the purpose of operating a ski school or for the purpose of skiing. Paragraph three enjoined the defendant, McDonald, from using Egypt Lake for operation of a ski school, including skiing on the lake. Paragraph four enjoined the Tampa Ski Bees, an unincorporated association, from further use of Egypt Lake for the purpose of skiing.
The testimony clearly, convincingly, and satisfactorily established that the activities and conduct of the defendants resulted in physical dangers and hazards to the resident home owners and renters, their children and visitors, in the use of the lake; that there was usurpation, deprivation, and unreasonable interference with the use of the lake for fishing, swimming, skiing, and boating; that there were damages to the shores through erosion; that there were also debris, mud, and grass washed and thrown on the beaches; and that such conduct created and caused a continued annoyance and discomfort to the community around the lake. This is not a complaint between neighbor and neighbor but one created through wrongful conduct of the defendants that has seriously affected *309 the entire lake community. As the chancellor succinctly commented, "the Court further finds that the organization, Tampa Ski-Bees and H. Stew McDonald, d/b/a Stew's Ski School, maintain an activity and project which are too big for Egypt Lake. * * *" Unquestionably the evidence sustains the findings of fact of the chancellor and his determination that a nuisance was created and maintained in violation of the statutes.
The first of defendants' three appeal points inquires whether a cause of action was stated by the complaint. After careful consideration we answer this question in the affirmative, deeming it unnecessary to elaborate.
Under their second appeal point the defendants raise the issue of whether the chancellor erred in allowing suit against an unincorporated association, the Tampa Ski Bees, and in entering a decree injunctively restraining that association from using Egypt Lake for water skiing.
We may comment in this connection that the defendant, the Tampa Ski Bees, was sued only in its association name, to wit, "Tampa Ski-Bees, an unincorporated association." No individual member was made a party defendant. The answer filed, as it concerned this defendant, was on its behalf under the designation quoted and did not name and represent any individual members. This point was not raised in the lower court but is urged here for the first time. The injunctive decree of the court, which is in personam in nature, has the effect of prohibiting all members of this unincorporated association from skiing on Egypt Lake, even though these individual members were not served and were not brought into the suit as parties defendant. The plaintiffs argue that the defendants may not raise this issue for the first time before this appellate court. However, the point is a fundamental one involving jurisdiction. Where there is jurisdictional or other fundamental error of law, it may be noticed initially by an appellate court. In re Coleman's Estate, Fla. App. 1958, 103 So.2d 237. This is true whether or not it has been argued in the briefs or made the subject of an assignment of error or of an objection or exception in the court below. Rule 3.7, subd. i, Florida Appellate Rules, 31 F.S.A. It is rudimentary that the benefit of this same principle is afforded to an appellant.
An unincorporated voluntary association organized for business or other purposes was not, under the common law, either considered or recognized as having any other status than that of a partnership in whatever it undertook. Such association could sue or be sued only in the names of its members, and liability had to be enforced against each member. The association was not recognized in court by its own name. Such an unincorporated association, being essentially different from a co-partnership constituting a mercantile or other firm, does not come within the purview of section 47.15, Florida Statutes, F.S.A., providing for service of process with respect to a co-partnership of several persons composing a mercantile or other firm. Johnston v. Albritton, 1931, 101 Fla. 1285, 134 So. 563. See also the cases of Hunt v. Adams, 1933, 111 Fla. 164, 149 So. 24; and I.W. Phillips & Co. v. Hall, 1930, 99 Fla. 1206, 128 So. 635. Since there is no statutory authority to sue and be sued in the association's common name in the Florida jurisdiction, the common law rule for making effective service on a voluntary association must be pursued. We are not here concerned with the doctrine of class representation.
It follows that the injunction against the Tampa Ski Bees as provided in paragraph four of the injunctive decree, since it was not founded upon service on the members individually, is without basis. This defect, however, does not weaken the injunction as it applies to the other defendants, Florio and McDonald.
The final point argued by defendants relates to the question whether the injunctive *310 decree constituted an arbitrary and unjust discrimination against them and deprived them of equal protection.
The rights of riparian proprietors to the use of waters in a non-navigable lake are equal, and each riparian owner has the right to use the water in the lake for lawful purposes, so long as his use is not detrimental to the rights of the other riparian owners. Except as to the supplying of natural wants, including the use of water for domestic purposes, it is immaterial what use is made if that use is lawful and reasonable. The use of lands which border on waters of a non-navigable lake for purposes of pleasure, recreation, and health is a use which requires a remedy on behalf of a riparian owner where there is unreasonable interference. Taylor v. Tampa Coal Co., Fla. 1950, 46 So.2d 392. One riparian owner is not entitled to use the lake to the exclusion of other riparian owners. Each owner of riparian rights is entitled to the reasonable use of the lake, and where an owner's lawful use is unreasonably interfered with, that owner is entitled to injunctive relief. Duval v. Thomas, Fla.App. 1958, 107 So.2d 148; Id., Fla., 114 So.2d 791.
The parties recognize that water skiing is not a nuisance per se. Normally it is a legitimate and wholesome pursuit. The chancellor found it to be a nuisance here because of the extent to which it was pursued under the circumstances delineated and determined. However, the court's order was so broad as to prohibit all water skiing activities by the defendant, McDonald, doing business as Stew's Ski School, and to prohibit the leasing of property by defendants Florio to the other defendants for water skiing purposes, consequently amounting in effect to wrongful discrimination against the defendants.
An injunctive order should never be broader than is necessary to secure to the injured party, without injustice to the adversary, relief warranted by the circumstances of the particular case. Moore v. City Dry Cleaners & Laundry, Fla. 1949, 41 So.2d 865; and Seaboard Rendering Co. v. Conlon, 1942, 152 Fla. 723, 12 So.2d 882. An injunctive order should be adequately particularized, especially where some activities may be permissible and proper. Moore v. City Dry Cleaners & Laundry, supra. Such an order should be confined within reasonable limitations and phrased in such language that it can with definiteness be complied with, and one against whom the order is directed should not be left in doubt as to what he is required to do. Pizio v. Babcock, Fla. 1954, 76 So.2d 654.
Since the injunctive decree rendered by the chancellor was wrongfully discriminatory and too broad in scope, it is subject to being, and should be, modified so as to provide reasonable use by all parties of their riparian rights under appropriate regulations, to the end that the defendants are not deprived and excluded from reasonable legitimate use under the circumstances. Therefore the cause is affirmed as to the chancellor's determination of a nuisance, reversed as to the injunctive order against the Tampa Ski Bees, and further reversed as to restraining provisions of the order as applied to the other defendants. The cause is remanded to the court below for such further proceedings as are necessary in conformity with this opinion.
Affirmed in part and reversed in part.
ALLEN, C.J., and MORROW, R.O. Associate Judge, concur.
NOTES
[1] of nuisances; parties, by whom maintained.
"Whenever any nuisances as defined in § 823.05 is kept, maintained or exists, the state's attorney, county solicitor, county prosecutor, or any citizen of the county through any attorney he may select, may maintain his action by complaint in the proper court in the name of the state upon the relation of such attorneys or citizen to enjoin said nuisance, the person, or persons conducting or maintaining the same and the owner or agent of the building or ground upon which said nuisance exists."
[2] for nuisance; removal by justice of the peace. All nuisances which tend to annoy the community or injure the health of the citizens in general, * * * shall be indictable and punishable by a fine not exceeding two hundred dollars, at the discretion of the court.
"Any nuisance which tends to the immediate annoyance of the citizens in general, or is manifestly injurious to the public health and safety. * * *." (Emphasis supplied.)
[3] "Places declared a nuisance; may be abated and enjoined. Whoever shall erect, establish, continue, or maintain, own or lease any building, booth, tent or place which tends to annoy the community or injure the health of the community, * * * as described in § 823.01 * * * shall be deemed guilty of maintaining a nuisance, and the building, erection, place, tent or booth and the furniture, fixtures and contents are declared a nuisance. All such places or persons shall be abated or enjoined as provided in §§ 64.11-64.15." (Emphasis supplied.)