SMITH, Judge.
Frank J. Conrad and wife filed their complaint seeking a mandatory injunction to require the defendants, Gordon Whitney and wife, to remove a fill placed by the defendants across a natural body of water known as Hidden Bayou, upon and under which both parties owned lands. All of the property owned by the parties and other property was platted in 1927 in a subdivision known as Long Beach. At the time of the platting, all of the lands were owned by one party, but subsequently acquired by the parties to this suit and others. The subdivision plat shows a waterway area which extends across the entire subdivision. There is not now, and there never has been, a waterway in the exact position shown on the plat. A small part of Hidden Bayou is within the area of the platted waterway, but the greater part thereof extends into an area platted as lots and streets. The fill was placed by the defendants to extend Cedar Street so that traffic could pass over the fill from one end of Cedar Street to the *798 other. According to the plat, Cedar Street dead ends at the platted waterway and does not cross it. The testimony clearly establishes the fact that the platted area of Cedar Street extends into Hidden Bayou, but does not extend across it because, at this point, Hidden Bayou extends approximately forty feet into the area of the platted waterway. The remainder of the platted waterway is, in fact, dry land.
When the parties acquired their lands, it was in its natural state with no improvements having been made in the nature of streets or waterways. In making the fill, the defendants not only filled that portion of Cedar Street as platted, but also extended the fill forty feet into the platted waterway and then joined the two sections of Cedar Street, thereby dividing Hidden Bayou into two parts connected by a thirty-six inch culvert through the fill. This limited the plaintiffs in their use of the waters in Hidden Bayou and blocked their access across the waters of Hidden Bayou to Sarasota Bay. Prior to the filling, the defendants sold a number of their lots, giving quit-claim deeds to that part of the platted waterway which abutted each lot; they caused a portion of other streets in the subdivision to be vacated; they caused the vacation of a portion of the plat in order to deepen and widen Hidden Bayou; they dredged out and improved Hidden Bayou as it existed on the ground; and, they improved the entrance into Hidden Bayou from Sarasota Bay.
Upon this record, without material question of fact, the court, after hearing, entered its decree denying to the plaintiffs the relief sought.
“The rights of riparian proprietors to the use of waters in a non-navigable lake are equal, and each riparian owner-has the right to use the water in the lake for lawful purposes, so long as his use is not detrimental to the rights of the other riparian owners. Except as to the supplying of natural wants, including the use of water for domestic purposes, it is immaterial what use is made if that use is lawful and reasonable. The use of lands which border on waters of a non-navigable lake for purposes of pleasure, recreation, and health is a use which requires a remedy on behalf of a riparian owner where there is unreasonable interference. Taylor v. Tampa Coal Co., Fla.1950, 46 So.2d 392. One riparian owner is not entitled to use the lake to the exclusion of other riparian owners. Each owner of riparian rights is entitled to the reasonable use of the lake, and where an owner’s lawful use is unreasonably interfered with, that owner is entitled to injunctive relief. Duval v. Thomas, Fla.App.1958, 107 So.2d 148; Id., Fla., 114 So.2d 791.” Florio v. State, Fla. App.1960, 119 So.2d 305, 80 A.L.R.2d 1117.
 The defendants contend that the above authority is not controlling here by virture of the fact that at the time of the platting of these lands, the entire area was owned by one person and, therefore, under such circumstances, the facts here are controlled by Osceola County v. Triple E. Development Company, Fla. 1956, 90 So.2d 600. However, the effect of that decision has been adequately explained in Duval v. Thomas, supra. In addition, it must be borne in mind that this filling was not done by the owner of the entire area. The defendants depend upon the plat to sustain their filling within the platted street, but in all other respects, they have disavowed .the plat by their conveyances, vacating streets, and improving the waterway in an area other than in the platted waterway, and they cannot claim under such part of the plat as will benefit and repudiate such part as will injure. Kerivan v. Fogal, 1945, 156 Fla. 92, 22 So.2d 584. Even if it could be said that the plat did justify the filling of the area shown as Cedar Street, this could not justify the extension of the fill through the area platted as a waterway, which is, in fact, a part of Hidden Bayou.
*799 The .plaintiffs were entitled to in-junctive relief. The decree is, therefore, reversed and the cause is remanded for such further proceedings as are necessary in conformity with this opinion.
SHANNON, C. J., and WHITE, J., concur.