153 So.2d 325 (1963)
The WALTON-OKALOOSA-SANTA ROSA MEDICAL SOCIETY et al., Appellants,
v.
R.B. SPIRES, E.H. Myers and E. Cheshire, Jr., et al., Appellees.
No. E-74.
District Court of Appeal of Florida. First District.
May 16, 1963.
Harrell, Caro & Wiltshire, Pensacola, for appellants.
Campbell & Andrews, DeFuniak Springs, for appellees.
WIGGINTON, Judge.
By this interlocutory appeal review is sought of an order entered by the trial court denying a motion to quash the service of process purportedly effected upon appellant.
This suit was instituted by a complaint in equity filed by appellee medical doctors against The Walton-Okaloosa-Santa Rosa Medical Society and the Board of Governors of the Florida Medical Association. The summons issued in the case was served on one Dr. Fred Crews, who was designated therein as president of The Walton-Okaloosa-Santa Rosa Medical Society. A temporary injunction was issued without notice by which the Society was restrained from expelling plaintiffs from membership until further order of the court.
A motion was filed in the cause by Fred Crews as president of The Walton-Okaloosa-Santa *326 Rosa Medical Society for an order quashing the alleged service of process made on him in his capacity as president of the Society on the ground that the Society is an unincorporated, voluntary, non-profit association, and that the summons served only on him as president of the Society is void, invalid and legally insufficient to vest jurisdiction in the court over the individual members of the Society, none of whom were served with process. The facts alleged in the motion were established by an accompanying affidavit signed by the movant, Fred Crews. The validity of the service of process made upon the Board of Governors of the Florida Medical Association is the subject of a separate appeal pending in this court.
The motion to quash was denied by an order which recites the opinion of the court to be that The Walton-Okaloosa-Santa Rosa Medical Society is an integral and component part of the Florida Medical Association and therefore the Society is not and its function in the controversy at hand was not the action of a separate unincorporated voluntary society, nor the action of the members of said Society, but on the contrary its involvement was the direct result of its role as a component part of the Florida Medical Association.
No factual basis for the chancellor's conclusion that the Society is an integral and component part of the Florida Medical Association appears in the record submitted for our review, nor does it appear in the appendix to appellants' brief. Since the order comes to this court clothed with a presumption of correctness, we will indulge the assumption that evidence in support of this conclusion was adduced at the hearing on appellant's motion to quash, and that the finding of the court is correct in all respects.
Proceeding on the premise that the appellant Society is an integral and component part of the Florida Medical Association, the question presented for our decision is whether service of process on Dr. Fred Crews as president of the Society is sufficient to vest the trial court with jurisdiction over the individual members of the Society rendering each of them amenable to the injunctive order restraining them from taking any action toward expelling appellee doctors from membership in the Society.
An examination of the complaint filed in the cause reveals allegations to the effect that the Board of Governors of the Florida Medical Association has wrongfully expelled appellee doctors from membership in the Florida Medical Association contrary to the charter and by-laws of the Association, a corporation not for profit. It is further alleged that the Board of Governors of the Association has directed the appellant Medical Society to expel appellees from membership in that Society. The complaint alleges that if the Society complies with the directive received by it from the Board of Governors, appellees will be removed as members of the staff in the hospital where they practice their profession, and will no longer be permitted to visit or treat such of their patients as may be hospitalized.
From the allegations of the complaint it affirmatively appears that the threatened action by the Society to expel appellees from membership therein is an action which can be taken only by the membership of the Society, and not by the Florida Medical Association or its Board of Governors. If the threatened action is to be effectively enjoined, the individual members of the Society must be made parties defendant to the suit and properly served with process. Process served only on the President of the Society is not sufficient to vest the court with jurisdiction over the individual members thereof.
In the Florio case[1] a suit was instituted to restrain certain named defendants from *327 maintaining an alleged nuisance. One of the named defendants was an unincorporated voluntary association. No individual member of the association was made a party defendant. The trial court permanently enjoined all named defendants, including the association, from continuing to engage in certain activities found to constitute a nuisance. On appeal the injunctive decree was reversed insofar as it applied to the association. In its opinion of reversal the Second District Court of Appeal, speaking through Judge Kanner, said:
"An unincorporated voluntary association organized for business or other purposes was not, under the common law, either considered or recognized as having any other status than that of a partnership in whatever it undertook. Such association could sue or be sued only in the names of its members, and liability had to be enforced against each member. The association was not recognized in court by its own name. Such an unincorporated association, being essentially different from a co-partnership constituting a mercantile or other firm, does not come within the purview of section 47.15, Florida Statutes, F.S.A., providing for service of process with respect to a co-partnership of several persons composing a mercantile or other firm. Johnston v. Albritton, 1931, 101 Fla. 1285, 134 So. 563. See also the cases of Hunt v. Adams, 1933, 111 Fla. 164, 149 So. 24; and I.W. Phillips & Co. v. Hall, 1930, 99 Fla. 1206, 128 So. 635. Since there is no statutory authority to sue and be sued in the association's common name in the Florida jurisdiction, the common law rule for making effective service on a voluntary association must be pursued. We are not here concerned with the doctrine of class representation.
"It follows that the injunction against the Tampa Ski Bees as provided in paragraph four of the injunctive decree, since it was not founded upon service on the members individually, is without basis. * * *"
The order appealed which denied appellants' motion to quash the purported service of process on it is reversed and the cause remanded for further proceedings. Our holding is without prejudice to the right of plaintiffs to amend their complaint by naming as defendants the individual members of the Society whose threatened action is sought to be enjoined, and to bring them into the suit by proper service upon them of process to be issued in the case.
Reversed.
CARROLL, DONALD K., C.J., and RAWLS, J., concur.
NOTES
[1] Florio v. State of Florida, et al., (Fla.App. 1960) 119 So.2d 305, 80 A.L.R.2d 1117.