225 So.2d 557 (1969)
SILVER BLUE LAKE APARTMENTS, INC., a Florida Corporation, John Leisenring, Harold M. Diamond and Bernard Sandel, Appellants,
v.
SILVER BLUE LAKE HOME OWNERS ASSOCIATION, INC., a Corporation Not for Profit Existing under the Laws of the State of Florida, William M. DeLisa and Harris J. Buchbinder, Appellees.
No. 68-1102.
District Court of Appeal of Florida. Third District.
July 29, 1969.
Rehearing Denied September 2, 1969.
*558 Kastenbaum, Mamber, Gopman, Epstein & Miles, Miami Beach, Horton & Schwartz, Miami, for appellants.
Shutts & Bowen and Thomas H. Anderson and Karl Vance Hart, Homer Q. Kimbrell, Miami, for appellees.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
Appellant Silver Blue Lake Apartments, Inc., owns land which borders upon an 80-acre man-made lake. Several hundred apartment units owned by appellant are situated on this land. Appellant's property line extends a few feet into the lake. Individual appellants Harold M. Diamond and Bernard Sandel are officers of the appellant corporation. Individual appellant John Leisenring is a tenant in an apartment unit owned by the corporate appellant. They appeal from a final judgment entered in an action by Silver Blue Lake Homeowners Association, Inc., and individual owners of underlying land. The complaint sought to enjoin the allegedly unreasonable use of the surface of the lake by the tenants of Silver Blue Lake Apartments, Inc.[1]
The final judgment ordered generally that only owners of a portion of the lake bed would be entitled to use the lake and specifically that the tenants of Silver Blue Lake Apartments, Inc., were not entitled to such use. We agree with this ruling and affirm the judgment appealed from. We think this holding is consistent with the holdings in Duval v. Thompson, Fla. 1959, 114 So.2d 791; Florio v. State ex rel. Epperson, Fla.App. 1960, 119 So.2d 305, 80 A.L.R.2d 1117. The trial court made the following findings of fact:
"* * * Silver Blue Lake is located in Dade County and is a man-made non-navigable lake which resulted from the excavation of limerock for a number of years. It is a relatively small lake covering only approximately 80 acres. Some ten years or more ago the northern half *559 of the lake was platted into two waterfront subdivisions for single family dwellings with each home owner's property extending into the water. Apparently the individual home owners have used the entire lake since that time and their children often swim in the lake close to shore. For a period in excess of ten years a portion of the lake owned by an Optimist Club has been used as a Boy's Club with a Club House and supervised instruction in sailing, swimming and water safety for young boys. Approximately three years before this suit was filed, the Defendant, SILVER BLUE LAKES APARTMENTS, INC. purchased a tract of land bordering on a small portion of the southern boundary of the lake and extending eight or ten feet into the lake. The corporation then as now is composed of three stockholders and officers. Thereafter, the corporate Defendant began construction of a large apartment complex on the purchased lands. For some period of time it has had several hundred rental units in operation and at the time of trial it had a substantial number of additional units under construction. In addition, Defendant owns additional vacant land which, it is only reasonable to assume, will be used for construction of future rental units. Some seven or eight years ago the individuals owning homes on Silver Blue Lake formed the Silver Blue Lake Home Owners Association, Inc. Title to the bulk of the lake bed was conveyed to the ASSOCIATION, as discussed below. Membership in the ASSOCIATION by its By-Laws is limited to persons owning homes on Silver Blue Lake. The ASSOCIATION adopted rules of safety and patterns for boat traffic on the lake and has continually attempted to police the lake to enforce commonly accepted standards for safety and restrict its use to authorized persons. In this it has been joined by and has received the co-operation of, nearly all the property owners other than the APARTMENTS, INC. When APARTMENTS, INC. began operations and continuing to the present day  it advertised that its tenants could have the right to a complete use of the lake. The principals in APARTMENTS, INC. and some of their tenants applied for, and were admitted to membership in the ASSOCIATION. They agreed to abide by the By-Laws and Rules of the ASSOCIATION. However, soon after the apartments opened and continuing to the present time there has been almost continual conflict between the tenants of the apartments and the individual home owners on the lake. APARTMENTS, INC. originally purchased two power boats which they rented to tenants but this practice has been discontinued since the institution of this suit.
"There is abundant evidence to support the argument of the home owners that the conduct of the tenants has interfered with their use of the lake. Persons boating from the APARTMENTS, INC. have failed to follow commonly accepted standards of safety. They have deliberately attempted to swamp boats operated by small children. They have run speedboats with skiers in among small children swimming near shore. They have run power boats late at night. They have followed too close to other water skiers. Many other acts of reckless disregard to the rights of the individual home owners to use the lake could be cited. When police were summoned in an attempt to remove the boats operated by persons from the apartments the officers were assured by counsel for APARTMENTS, INC. that the tenants were legally entitled to use the lake freely. As a result the officers would not remove the tenants of the apartments without some determination of the rights of the tenants to use the lake freely. The officers did remove outsiders who might come on the lake. In addition to the foregoing, one of the principal complaints of the home owners is that the use of the lake by the tenants of the apartments creates such congestion *560 on the lake that others can no longer enjoy boating on the lake in safety. In fact at least one of the home owners testified that his family now usually went elsewhere to go boating because of the congestion and unsafe condition at Silver Blue Lake. The evidence shows that there have usually been at least eight to ten boats docked at the apartments, and in addition that there are numerous other boats on trailers around the apartments, which are used on the lake. In addition there were indications that the tenants of the apartments perhaps brought in additional boats on occasion. The Lake is small yet there was credible testimony that on occasions there would be twelve, fifteen or more power boats operating on the lake at one time. The Defendant, APARTMENTS, INC. presented defense witnesses who testified that over a number of years they had never seen over two, three or four power boats operating on the lake at one time. The Court does not find this testimony credible.
"The Court having found that the rights of the individual property owners to use Silver Blue Lake have been and are being unreasonably interfered with, this Court must pass upon the nature of the relief to be awarded."
The trial court's conclusion that Silver Blue Lake Apartments, Inc., has, by permitting its tenants unrestricted use of the surface, made an unreasonable use of the lake surface is amply supported by the evidence.
The appellant corporation does not attack the court's findings of fact in any of its points on appeal. The appellant corporation argues first that by completely forbidding the corporation's tenants from using the lake surface, the trial court unconstitutionally discriminated against it and denied it of its "constitutional rights to the use of its property." The corporation premises its argument on the ground that the trial court should have limited itself to restraining the tenants from using the lake in an unreasonable manner. We cannot accept this argument since, as we said above, we understand the judgment appealed from to rule that the expansion of the appellant corporation's rights by passing them on to hundreds of tenants was the act the court ruled to be unreasonable. We agree with the trial court's conclusion that the appellant corporation may not multiply its right of use by the total number of its tenants and pass the increase to the tenants.
In support of its position the appellant corporation relies upon Florio v. State, ex rel. Epperson, Fla.App. 1960, 119 So.2d 305, for a holding that a tenant may not be restrained from any use of surface water unless the owner may be so restrained. It is our view that the cited case does not support that proposition.
In Florio the court was presented with a case involving a public beach on one side of a lake. There was no mention of the nature of the ownership of the remainder of the lake. There was no discussion of whether there was an attempt to multiply existing rights which in and of itself created such congestion as to interfere with the other owners' use of the lake. The court found that the defendants had adopted rules of safety whereas in our case it is the plaintiffs which have been safety-conscious. Nevertheless the court in Florio did approve of the lower court's granting injunctive relief to complainant curtailing the activities of defendants.
Thus in the Florio case and the present case injunctive relief was proper. As far as the present case is concerned the most crucial distinction is the difference in the relief which the trial court allowed. In the Florio case the trial court completely barred all the defendants from water skiing on the lake and allowed all of the plaintiffs to continue to water ski on the lake. The court said this constituted a wrongful discrimination and a denial of equal protection.
The judgment in the present case is not discriminatory but applies equally to *561 all parties. The trial court, faced with a situation where one owner of a small portion of the lakefront is attempting to dominate the lake by multiplying its rights to use the lake, has held that only the owners of land lying under the lake may use all of the waters of the lake. This is a reasonable classification which treats all owners equally. The guiding principle in considering the constitutional guaranty of equal protection of the laws is that all parties shall be treated alike under like circumstances and conditions. See 16 Am.Jur.2d Constitutional Law § 488. The judgment appealed from meets this test.
The controlling law in the State of Florida is found in Duval v. Thomas, Fla. 1959, 114 So.2d 791, 794, and Duval v. Thomas, Fla.App. 1958, 107 So.2d 148. In these opinions it is clear that Florida recognizes and applies the rule that when an owner's lawful use for such purposes as fishing, recreation, and irrigation is unreasonably interfered with that owner will have the remedy of injunction. A reading of this record supports the trial judge's conclusion that the result of the appellant corporation's use of the lake as an adjunct of its apartment development has been to deprive the remaining owners of their lawful use of the lake. There is no way other than the injunction remedy granted to preserve to the appellee owners the beneficial use of their property.
The trial judge based his judgment upon an additional ground. He found that the appellant corporation's predecessor in beneficial title had by deed transferred the bulk of its ownership in the lake bottom to the appellee association. The court found that the intent and purpose of the conveyance was to give the appellee association control over the use of the lake as far as the lands retained by the appellant corporation's predecessor were concerned. Appellant's remaining points on appeal are directed to this ground for the judgment. Because we have found that the judgment must be affirmed upon the basis already discussed, we do not think it is necessary to prolong this opinion by a discussion of these remaining points on appeal. It is sufficient to point out that we agree with the trial judge's finding:
* * * * * *
"To allow APARTMENTS, INC. and its tenants to have unrestricted use of the lake would deprive the ASSOCIATION of its beneficial use of the property in violation of the very intent of the parties at the time of the conveyance. The position of the parties has now changed. APARTMENTS, INC. has reaped its benefit of the bargain with the home owners. Its land has been rezoned and has been developed accordingly. To allow its tenants the free and unobstructed use of the lake will make it impracticable, if not impossible, for the home owners to use the lake. Such a result would be inequitable."
Accordingly the judgment is affirmed.
NOTES
[1] See Silver Blue Lake Apartments, Inc. v. Silver Blue Lake Home Owners' Association, Inc., Fla.App. 1966, 191 So.2d 61.