PEARSON, Judge.
The appellee as plaintiff brought an action in the trial court in which he alleged that he had advanced money to the appellant corporation in order to assure the continuation of its business. He prayed for relief by way of a judgment against the corporation, and, in addition, prayed for an injunction as follows:

“That the Defendant corporation be temporarily and permanently enjoined *346 from soliciting, diverting or attempting to take out of this jurisdiction any of the assets of the Defendant corporation.”
* * * * * #
The trial court denied the temporary injunction; it did, however, enter an order as follows:
* * * * * *
“2. That if defendant shall sell or convey a major or material portion of its assets, it shall give no less than five days notice thereof to counsel for plaintiff prior to the date of such conveyance or sale.”
* * * * * *
On this interlocutory appeal, the appellant corporation contends that the trial court was without authority to issue the type of order entered. We think that it is unnecessary to determine the authority of the trial court in this circumstance. The court was obviously attempting to protect the plaintiff bjr granting him some assurance that the corporation would not lose its assets before he could get a judgment. Nevertheless, we hold that the order is so vague and indefinite as to the actions which the corporation may take, the actions which it may not take without giving notice, the type of notice to be given, and the appellee’s rights if a notice is given, that it must be reversed. See Florio v. State ex rel. Epperson, Fla.App.1960, 119 So.2d 305.
Reversed.