QUESTION: Are churches, fraternal organizations, and nonprofit organizations required to comply with the provisions of Ch. 74-174, Laws of Florida [s. 286.23, F.S. (1974 Supp.)], when conveying property to the Department of Transportation for right-of-way purposes?
SUMMARY: Unincorporated churches, fraternal organizations, and similar nonprofit organizations or societies are not required to comply with s. 286.23, F.S., when conveying property to the Department of Transportation or other state or local governmental agencies for a consideration, unless the legal title to the property is duly vested in a board of trustees and the membership of the congregation or association consists of less than 20 persons. Chapter 74-174, Laws of Florida, codified as s. 286.23, F.S. (1974 Supp.), provides in part as follows: (1) Any person or entity holding real property in the form of a partnership, limited partnership, corporation, trust, or any form of representative capacity whatsoever for others, except as otherwise provided in this section, shall, before entering into any contract whereby such real property held in representative capacity is sold, leased, taken by eminent domain, or otherwise conveyed to the state or any local governmental unit, or an agency of either, make a public disclosure in writing, under oath and subject to the penalties prescribed for perjury, which shall state his name and address and the name and address of every person having a beneficial interest in the real property, however small or minimal. . . . (Emphasis supplied.) It might be noted at the outset that gratuitous transfers, including donations or dedications of property to a public body for right-of-way purposes without consideration, are not within the purview of s. 286.23, supra. Attorney General Opinions 075-254 and 075-238. And this opinion contemplates that the conveyance will be for a consideration. The types of organizations to which you refer in your letter may, in appropriate circumstances, be brought within the purview of the phrase "[a]ny person or entity holding real property in any form of representative capacity" as used in the foregoing statute. Therefore, if any such organizations should, in fact and in law, hold any real property in representative capacity for others as contemplated by that statute, such organizations would become subject to the requirements of the statute. However, in the absence of a statute empowering it to do so, the common law rule is that unchartered or unincorporated associations or societies, including religious societies — to which I assume you refer and to which this opinion is limited — have no legal existence independent of the members who compose them and are legally incapable as such organizations or voluntary confederacies of taking, holding, alienating, or conveying real property in their associate or societal capacity or name. Such organizations ordinarily have no legal capacity. See, generally, 7 C.J.S. Associations s. 14, p. 38; Religious Societies s. 50, pp. 810-811; 28 Fla. Jur. Religious Societies ss. 6, 9, and 10. As a result, the title to real property acquired and used for the purposes of an unincorporated voluntary association or society is ordinarily held either by such organizations' members jointly or by trustees (when duly provided for by law or legally sanctioned articles or bylaws) on behalf of the community interest of the membership and for the purposes of the association or society. See, generally, 6 Am. Jur.2d Associations Clubs s. 23, p. 448; 76 C.J.S. Religious Societies s. 63, p. 837; 3 Fla. Jur. Associations Clubs s. 8; cf. Walton-Okaloosa-Santa Rosa Medical Society v. Spires,153 So.2d 325 (1 D.C.A. Fla., 1963). I find no provision in the Florida Statutes allowing unincorporated nonprofit voluntary associations or societies in this state to take, hold, or convey property in their associate or societal names. Cf. s. 620.585, F.S., defining "partnership" and s. 620.595, F.S., of the Uniform Partnership Act, Part III of Ch. 620, id., authorizing business partnerships to acquire and convey any estate in real property in the partnership name. Thus, property held for the use and benefit of such nonprofit unincorporated organizations in this state would, under the common law rule referred to above, apparently be held either by the members thereof or by duly authorized trustees on behalf of the membership thereof. In the former situation, the members — who must all join in any conveyance of such property, see 6 Am. Jur.2d Associations Clubs s. 23, p. 448; accord: Dillard Univ. v. Local Union 1419, I.L.A., 169 So.2d 221 (4 C.C.A. La., 1964) — would not be holding the property in any form of representative capacity for others. Therefore, s. 286.23, F.S. (1974 Supp.), would be inapplicable in such situation. In the latter situation, where duly authorized trustees hold the property on behalf of the members of a nonprofit unincorporated voluntary association or religious society, I am of the opinion that, when conveying legal title to or leasing such property to the state or any local governmental unit, or an agency of either, the names of the members of such organizations would have to be disclosed pursuant to s. 286.23 unless some exception provided therein applied. With respect to exceptions provided therein, see s.286.23(3)(a), stating in part that: . . . when disclosure of persons having beneficial interests in trusts is required, the person shall not be required to disclose persons having less than 5 percent vested, noncontingent, beneficial interest in the trust. Thus, for example, it would appear that a board of trustees holding property for the members of an unincorporated voluntary association or religious society would not be required to disclose the names of those members if the members numbered more than 20.