770 So.2d 1267 (2000)
ASOCIACION DE PERJUDICADOS POR INVERSIONES EFECTUADAS EN U.S.A., Appellant,
v.
CITIBANK, F.S.B., Citibank, N.A., The Partners Financial Group, Inc., and Gerry Burns, Appellees.
No. 3D99-2800.
District Court of Appeal of Florida, Third District.
November 15, 2000.
*1268 Rodriguez & Angelo and Paulino A. N๚๑ez, Jr., and Jorge L. Guerra, for appellant.
Boose Casey Ciklin Lubitz Martens McBane & O'Connell and John D. Boykin, West Palm Beach; Mark A. Kamilar, Miami, for appellees.
Before JORGENSON, COPE, and RAMIREZ, JJ.
JORGENSON, Judge.
The appellant is an association of foreign investors ("the association") organized under the laws of Spain to recover damages for its members ("the members"), resulting from alleged securities fraud. The association sued Citibank F.S.B., and Citibank N.A. (Citibank) alleging they permitted certain Citibank account holders to use their accounts in furtherance of their securities fraud scheme. The association also sued Partners Financial Group ("Partners"), the stock brokers who opened and maintained the members' accounts.
Upon motion the trial court dismissed the case with prejudice on the grounds of lack of standing and lack of capacity to sue. We affirm the trial court's order dismissing the complaint with prejudice.
At common law, unincorporated associations were treated as partnerships. See, e.g., Florio v. State of Florida, 119 So.2d 305, 309 (Fla. 2d DCA 1960); Guyton v. Howard, 525 So.2d 948 (Fla. 1st DCA 1988). A partnership (and therefore an unincorporated association) could sue or be sued only in the name of its members, not in the name of the partnership. The Florida legislature has since empowered partnerships to sue or be sued in their own name. ง 620.8307(1), Fla. Stat. (1995). The association asserts that section 620.8307(1) of the Revised Uniform Partnership Act (RUPA) should be extended to confer standing on unincorporated associations because the common law rule that unincorporated associations are to be treated like partnerships has not been abrogated by statute.[1] We disagree.
*1269 The legislature clearly intended RUPA to apply only to for-profit organizations: "An unincorporated nonprofit organization is not a partnership under RUPA, even if it qualifies as a business, because it is not a `for profit' organization." Uniform comment to ง 620.8202(2), Fla. Stat. (1995). The association, as its title implies,[2] is not a for-profit association, as it was organized only to recover damages for its members, not to conduct business for profit.
Because there is no statutory authority conferring on the association the capacity to sue,[3] the common law rule, that associations cannot sue or be sued in their own name, applies in this case. Accordingly, the association does not have capacity to sue. Moreover, the court properly denied leave to amend, as the association's capacity defect cannot be cured. Only the individual members or a properly certified class would have standing under these circumstances. Because the capacity issue is dispositive, we need not address the standing issue.
Affirmed.
NOTES
[1] The association alternatively argues that chapter 622, titled "Foreign Unincorporated Associations," applies. We find that argument without merit. The association clearly does not meet the definition of "foreign unincorporated association" as used in section 622: the association is not a joint stock association, was not formed in the United States, and does not have capital stock. See ง 622.02, Fla. Stat. (1947).
[2] The association's name in English means "association of parties injured due to investments made in the U.S.A."
[3] "An unincorporated ... association has no legal existence and generally does not have the capacity to sue or be sued as an entity; thus in the absence of an enabling or permissive statute conferring associational standing, such an association must sue or be sued in the names of the individuals composing it rather than its firm name." Fla. Jur.2d, Associations and Clubs ง 15 (1994) (citing Hunt v. Adams, 111 Fla. 164, 149 So. 24 (1933); Johnston v. Albritton, 101 Fla. 1285, 134 So. 563 (1931); I.W. Phillips & Co. v. Hall, 99 Fla. 1206, 128 So. 635 (1930); Guyton v. Howard, 525 So.2d 948 (Fla. 1st DCA 1988); Walton-Okaloosa-Santa Rosa Medical Soc. v. Spires, 153 So.2d 325 (Fla. 1st DCA 1963); Florio v. State, 119 So.2d 305 (Fla. 2d DCA 1960)).