DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUMIT SAWHNEY, M.D.,** o/b/o **NORTHWEST MEDICAL CENTER MEDICAL STAFF** and **NORTHWEST MEDICAL CENTER EXECUTIVE COMMITTEE,** and **ERIC KLEINSTEIN, M.D.,** Individually,
Appellants,

v.

**NORTHWEST MEDICAL CENTER, INC.,**
Appellee.

No. 4D2023-1901

[November 27, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne E. Fahnestock, Judge; L.T. Case No. 22-9137 CACE (18).

Richard H. Levenstein and Terry E. Resk of Nason, Yeager, Gerson, Harris & Fumero, P.A., Palm Beach Gardens, for appellants.

Jonathan E. Siegelaub, Martin B. Goldberg, Jennifer Christianson, and Clark S. Splichal of Lash Goldberg Fineberg LLP, Miami, for appellee.

CIKLIN, J.

This appeal arises out of a dispute between hospital administrators and medical staff regarding the procedure for amending the medical staff bylaws. The trial court dismissed the staff's suit based on, among other grounds, lack of standing. We reverse, as there is no indication the privilege to amend has been abused or that the hospital administrators would be prejudiced by an amendment, and it is not clear that an amendment would be futile.

The appellants, Sumit Sawhney, M.D., on behalf of Northwest Medical Center Medical Staff ("Medical Staff") and Northwest Medical Center Executive Committee ("MEC"), and Eric Kleinstein, M.D., individually (collectively, "Plaintiffs"), sued the appellee, Northwest Medical Center, Inc. ("Hospital"), alleging breach of contract (namely the medical staff bylaws) and seeking specific performance, as well as a temporary, permanent, and emergency injunction and declaratory relief. The trial court dismissed the

first amended complaint with prejudice on several grounds, including lack of standing of the Medical Staff and MEC to sue the Hospital, and failure to plead individualized and irreparable harm.

Our review leads us to conclude that the trial court did not err in dismissing the first amended complaint as pled. With respect to standing, the Plaintiffs do not dispute that aside from Dr. Kleinstein, suing on his own behalf, the Medical Staff and the MEC are unincorporated entities. Absent an enabling statute, unincorporated entities cannot sue or be sued. *See Asociacion De Perjudicados Por Inversiones Efectuadas En U.S.A. v. Citibank, F.S.B.*, 770 So. 2d 1267, 1269 n.3 (Fla. 3d DCA 2000) ("An unincorporated . . . association has no legal existence and generally does not have the capacity to sue or be sued as an entity . . . ." (quoting Fla. Jur. 2d, *Associations and Clubs*, § 15 (1994))). The bylaws do not confer standing on these unincorporated entities, and the provision relied on by the Plaintiffs merely provides that the chief of staff serves as the representative of the Medical Staff. "Only the individual members or a properly certified class would have standing under these circumstances." *Id.*

We also agree with the trial court that, as pled, the Plaintiffs did not allege any individualized harm.[1]

Although the trial court did not err in dismissing the first amended complaint, it should have granted leave to amend where the complaint was amended only once, the Hospital would not be prejudiced by amendment, and it is not clear that allowing amendment would be futile. *See Condor, S.A. v. Plurinational State of Bolivia*, 352 So. 3d 921, 928 n.7 (Fla. 3d DCA 2022) ("Because Bolivia filed only one amended complaint in this case, the trial court should have dismissed . . . without prejudice to Bolivia filing a second amended complaint."); *World Class Yachts, Inc. v. Murphy*, 731 So. 2d 798, 800 (Fla. 4th DCA 1999) ("A trial court should not deny a party leave to amend a complaint unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile.").

*Reversed and remanded.*

---

[1] The trial court also based dismissal in part on a finding that the Plaintiffs' claims were not ripe, as they failed to exhaust dispute resolution procedures provided for in the bylaws. The trial court further found that the Plaintiffs' allegations did not establish irreparable harm. We do not affirm based on these grounds, nor do we weigh in on the merits of the trial court's analysis as to these grounds, as the allegations of any amended complaint may alter the analysis.

2

WARNER and GROSS, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*