JOHN H. DREW, *Plaintiff in Error*, v. JOHN D. HOBBS and DONELLA IKARD, *Defendants in Error*.

140 So. 211.

En Banc.

Opinion filed March 11, 1932.

Petition for rehearing denied May 17, 1932.

428

*Kelly & Shaw,* for Plaintiff in Error;

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Defendants in Error.

DAVIS, J.—This was a suit at law wherein John D. Hobbs and Donella Ikard, as plaintiffs in the Court below, sued John H. Drew, as defendant, upon an implied promise on his part, as an alleged joint adventurer with one Frederick E. Lewis, to pay to plaintiffs an indebtedness claimed to be due by the alleged joint adventurers; Drew and Lewis, as purchasers of certain real estate. A demurrer to the declaration was overruled, pleas were filed, one of which was stricken, and on the issues joined the cause was submitted to a jury, which returned a verdict in plaintiffs' favor for $9,874.00, together with a $750.00 attorney's fee, which was stipulated for as a reasonable one in the event the plaintiffs recovered. New trial was denied and a motion in arrest of judgment was overruled. From the judgment consequent entered upon

the verdict, this writ of error was taken by the defendant below, John H. Drew.

The plaintiffs' declaration was in one count. It described several promissory notes and a mortgage which had been executed by Lewis alone, as trustee, to secure the payment of the debt of the alleged joint adventurers incurred in the purchase of certain land, title to which was taken in the name of the trustee, Lewis, for himself and Drew, in equal shares. The declaration alleged default in the payment of the indebtedness and claimed a recovery against Drew for the entire amount represented by the land purchase and sale transaction in which Drew and Lewis had become interested.

In short, the theory of defendants in error is that their suit in the Circuit Court was to enforce an indebtedness incurred by a joint adventurer, where certain notes and a mortgage for the purchase price of the land bought in the course of the joint venture, were executed by one of two joint adventurers, but not by the defendant named in the suit. And while the allegations of the declaration describe *in extenso* the details of the contract alleged to have been entered into between defendant John H. Drew and Frederick E. Lewis, and the delivery of the notes and mortgage by Lewis, as trustee, in connection therewith, these allegations are merely introductory and subsidiary to the *gravamen* of the plaintiff's case as stated by the declaration, which is in substance that the defendant Drew, as one of two alleged joint adventurers, had assumed toward the plaintiffs an obligation in the course of that joint adventure of equivalent character and equal in amount to that described by the written instruments attached to and made a part of the declaration.

The memorandum of trust agreement dated November 14, 1925, between Frederick E. Lewis, trustee, and John H. Drew, recites that the parties executing same had jointly purchased certain real estate therein described,

and that for their convenience in handling, selling and disposing thereof the title thereto had been taken in the name of Lewis, as trustee, upon condition that both the purchasers should share equally in any and all net proceeds received from the sale of the land according to their pro rata interest in same. It was also stated as being understood and agreed in terms that the said parties should likewise contribute their pro rata share of the payments required to be made on outstanding obligations standing against the said property which should fall due prior to the sale thereof.

The decisions are numerous and uniform to the effect that an agreement among two or more to purchase specific property for speculation or resale at a profit is a joint adventure, and that the only distinction between such an agreement and one of partnership is the limited and specific object in view. Mission R. L. Co. vs. Nixon, (Tenn.) 48 S. W. 405; Central Trust Co. v. Creel, 184 Ky. 114, 211 S. W. 421; Saunders vs. McDonough, 191 Ala. 119, 67 Sou. Rep. 591; Barton vs. Walmsby, 194 Ia. 591, 190 N. W. 18; Keiswetter vs. Rubenstein, 225 Mich. 36, 209 N. W. 154; O. K. Boiler & W. Co. vs. Minnetonka Lbr. Co., 103 Okla. 226, 229 Pac. 1045. That such is the law in Florida is conclusively settled by this Court in Proctor v. Hearne, 100 Fla. 1180, 131 Sou. Rep. 173, which case dealt with another phase of the identical transaction now before the Court.

The declaration being founded upon the alleged liability of Drew as a joint adventurer for the entire indebtedness of the adventure incurred in connection with the purchase of the land involved, and not undertaking to state a cause of action founded upon the written evidence of indebtedness signed by the other joint adventurer, Lewis, but not by Drew, the demurrer of defend-

ant thereto was properly overruled on the authority of the cases heretofore cited.

And for the same reason the court properly struck the defendant's first plea which was only applicable to an action sounding in covenant and not upon the simple contract involved in the liability of Drew, based upon his connection with the joint adventure described in the plaintiff's pleading.

By reason of becoming jointly interested with Lewis in the purchase of the lands described in the memorandum of trust agreements upon the terms and conditions therein described, the defendant Drew became equally liable to the plaintiffs with Lewis, in the payment of the purchase price of lands as represented by the promissory notes signed by Lewis as trustee. Such was the theory of the plaintiffs in instituting their suit and upon that theory the plaintiffs were justified in maintaining it, unless the defendant could plead and prove some defense which would be an appropriate legal bar to an action of that character. In an attempt to make such a defense, the defendant filed his second, third and fourth pleas, which were affirmative in nature, and undertook to deny all liability upon the ground of fraud on the part of the plaintiffs.

The plaintiffs joined issue on these pleas and testimony was taken before the jury with respect thereto. At the conclusion of such testimony, the Court submitted to the jury the question as to whether or not the defendant Drew had become a joint adventurer with one Frederick E. Lewis, the signer of the notes and mortgage, and charged the jury that the nature of the suit was not one upon the notes and mortgage introduced in evidence, but was to enforce the liability of the defendant Drew to carry out the obligation of his co-adventurer Lewis in the joint adventure; that the purpose for which the

notes had been allowed in evidence was solely to fix the amount and extent of the responsibility of Drew and that if the jury should find that Drew and Lewis were co-adventurers, as charged in the declaration, that then the amount of the verdict for plaintiffs should be exactly the same amount as that for which Lewis would be liable under the terms of the promissory notes which appeared to have been signed by him alone.

In Proctor v. Hearne, *supra,* it was held that a joint adventure is a combination of two or more persons in a specific venture for profit jointly sought without actual partnership or corporate designation. It was further held in that case that the relation of joint adventurers is similar to that of partnership, and is governed by partnership law, and that each joint adventurer has power to bind the others in matters which are strictly within the scope of the joint enterprise.

In this case the Court would have been warranted in deciding as a matter of law that a joint adventure existed between the defendant John H. Drew, and Frederick E. Lewis, in the specific venture for profit jointly sought by them without actual partnership or corporate designation in the purchase of the lands described in the memorandum of trust agreement hereinbefore referred to. That being so, it is obvious that Lewis, as one of the joint adventurers, had power to bind Drew, the other one, in signing the note and executing the mortgage in the manner described in the declaration and shown by the proof.

The character and extent of the liability thus incurred in such a transaction has heretofore been laid down by this Court in Willey vs. The Hoggson Corp., 90 Fla. 343, 105 Sou. Rep. 126, where the Court said: ''An agreement between two or more persons joint owners, or owners in common, of real and personal properties, or of either

character of property, by which one or more of such persons are designed as so-called 'trustees' for themselves and their associates to manage, sell, dispose of, reinvest and otherwise trade in, or with, such fund, which consists of such common properties, constitutes a partnership or joint stock company in which the members who possess contractual capacity are severally liable."

Therefore, if it be held in this case that the liabilities of the parties to the memorandum of trust agreement signed by Drew and Lewis created nothing more than a joint adventure, the liability of the participants of which is measured by the law governing partnerships, it is plain that such liability of the parties to such an agreement as to third persons would not be limited by any knowledge on the part of their creditors of the existence or terms of such trust agreement if it has the legal effect hereinbefore referred to. By the legal effect alone of the relationship of joint adventurers created by this instrument, each of said adventurers acquired power to bind the other in matters strictly within the scope of the joint enterprise. And when one of them undertook to do so by the execution of promissory notes representing the purchase price of the land purchased, the liability of the other thereupon became fixed by reason thereof, any agreement between the joint adventurers respecting their rights *inter sese* being immaterial as to the right of the payee of the notes to enforce them at law against the parties who had become legally liable thereon according to the rules of law governing the liability of joint adventurers.

Other matters have been argued on behalf of the plaintiff in error, which have had our consideration. Those which involve questions of disputed fact we find to have been properly submitted to the jury and to have been found against the plaintiff in error by the jury's verdict,

which appears to be amply supported by the evidence. Other questions presented assume as a premise that the defendant Drew never became a joint adventurer with Lewis in the purchase of the lands in question. That premise, as we have seen, was rejected by the court below and we must reject it here under the authorities heretofore cited.

We have held that the plaintiff in the court below could properly recover upon the theory of a joint adventure. That being so, and the record being sufficient to amply support a recovery upon that theory as a matter of law and fact, we find no error in the judgment appealed from, and it must necessarily be affirmed.

Affirmed.

BUFORD, C.J., AND ELLIS, TERRELL AND BROWN, J.J., concur.

---

### ON PETITION FOR REHEARING.

DAVIS, J.—In this case a petition for rehearing suggests that the recovery of attorney's fees should be sustained, because the attorney's fees provided for *in the notes* are only recoverable in an action *on the notes per se*, and not for services performed in the suit not brought directly *on such notes,* but on the implied promise of a joint adventurer to pay the amounts represented by them.

The question of recovery of attorney's fees was not stressed by plaintiff in error either in his briefs or oral argument, although it cannot be said that the question of their allowance was not sufficiently raised in a general way.

Further consideration of this point has convinced us that on the authority of Brett v. First Nat'l Bank, 97 Fla. 284, 120 Sou. Rep. 554, and Blount Bros. v. Eilenberger, 98 Fla. 775, 124 Sou. Rep. 284, attorney's fees must be held to be an indemnity which can only be re-

covered in a suit brought in the manner and form contemplated by the indemnity contract to pay attorney's fees, that is, in a suit brought directly on the notes to enforce their payment and discharge of the notes by the makers.

Defendants in error in their briefs and oral argument took the position, which we upheld as correct in our opinion heretofore filed, that plaintiff's suit was not a suit *on* the notes or mortgage, but was a suit on the implied promise of a joint adventurer to pay an amount measured by the amount of the notes.

That being so, we must sustain plaintiff in error's point that attorney's fees are not recoverable in the present case and amend our former judgment by requiring the court below to eliminate such attorney's fees from plaintiff's judgment.

The other points presented by the petition for rehearing have been carefully considered, but in view of what we had to say in our former opinion, we are unable to perceive any reason for changing the position there taken by us.

The judgment of affirmance is therefore adhered to in all particulars, except as to the amount of attorney's fees included therein, and as to such attorney's fees the judgment is remanded to the court below with directions to purge the judgment of the amount of such fees by amending the same in accordance with this opinion, whereupon said judgment shall stand affirmed as amended.

Affirmed and remanded on rehearing, with directions to amend judgment by elimination of attorney's fees.

BUFORD, C.J., AND ELLIS, TERRELL AND BROWN, J.J., concur.