## BROWN v. SMITH.
### No. 56.

Circuit Court of Appeals, Second Circuit.

Nov. 19, 1934.

Edmund S. Whitson, of Clearwater, Fla., and Watrous, Hewitt, Gumbart & Corbin, of New Haven, Conn. (Charles A. Watrous and Morris Tyler, both of New Haven, Conn., of counsel), for plaintiff-appellant.

John A. Danaher, of Hartford, Conn., and William S. Hyde, of South Manchester, Conn., for defendant-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from a judgment for the defendant in an action brought by the plaintiff against the defendant to recover for nonpayment of three promissory notes of $4,833.33, $4,833.33, and $4,833.34, respectively, and aggregating $14,500, each of which was signed by the defendant "Robert J. Smith, Trustee of Fair Haven Estates," and promised to pay the face of the note.

The plaintiff conveyed certain Florida lands by warranty deed dated September 23, 1925, to "Robert J. Smith, trustee of Fair Haven Estates under declaration of trust dated September 22, 1925, duly recorded in the Public Records of Pinellas County, State of Florida."

A purchase-money mortgage bearing the same date as the notes was given by "Robert J. Smith Trustee of Fair Haven Estates under a Declaration of Trust dated September 22, 1925," and recorded as above, covering the Florida land mentioned and securing the purchase money for which the notes were made.

The indenture of trust was executed by Robert J. Smith, trustee, stated that a voluntary trust was thereby formed which should be known as Fair Haven Estates, and provided that the scope of the trust should be the management and development of the above land as well as another parcel and that Robert J. Smith should have 499 out of 500 shares of no par value and one Wells one share. It further provided that:

"The shareholders shall be cestuis que trustent and shall bear no other relation to the trustee hereunder; and nothing herein contained shall constitute the trustee or shareholders or any of them partners with one another, or with any person, or shall render any trustee or shareholder liable for any obligation or liability entered into or incurred by the trustee in response to his trust. The trustee shall have no power to bind the shareholders either by any act, neglect or default; and the person or persons or corporation contracting or dealing with or extending credit to the trustee shall expressly waive all liability of the trustee and his agents, and the shareholders shall look only to the funds and property of the trust for the performance of or for payment under any contract, (whether this instrument is re-referred to or not) or for any payment of any debt, mortgage, judgment or decree or any money that may otherwise become due or payable by reason of the failure on the part of the said trustee or any agent acting in his behalf, to perform such contract in full or in part, or by reason of any act, neglect or default of the trustee or his agent; and neither the trustee nor the shareholders, present or future, shall ever be personally liable thereto."

Plaintiff's attorney Williams drew the trust instrument, and, after execution of the deed of conveyance, it was left for delivery with Williams who received the purchase-money mortgage on behalf of the vendor. Under the circumstances, it is evident that the plaintiff is charged with such knowledge of the relation of the defendant to the purchase of the real estate as the attorney had acquired.

In other words, the plaintiff took the notes and mortgages with notice of the fact that the defendant had delivered them under the terms set forth in the declaration of trust that neither he nor the certificate holders should be under any personal obligation. Upon this ground the trial judge held that an action to recover against the defendant personally would not lie. He referred to the decision of Judge Brewster in Gutelius v. Stanbon (D. C.) 39 F.(2d) 621, wherein trustees under an attempted trust in Florida lands were held not to be personally liable. The doctrine applicable to Massachusetts realty trusts was adopted, as the judge said, in the absence of any relevant Florida precedents.

But it is contended that under the later Florida decisions no such entity as a trust in real estate was possible and that the persons interested in the business were joint adventurers. Willey v. W. J. Hoggson Corp., 90 Fla. 343, 106 So. 408; I. W. Phillips & Co. v. Hall, 99 Fla. 1206, 128 So. 635; Drew v. Hobbs, 104 Fla. 427, 140 So. 211, 141 So. 596. Accordingly, it is said that the futile attempt to create a trust under the Florida law left the defendant personally liable as maker of the notes.

But, in view of the provisions of the trust indenture, it is plain that the defendant signed the notes only as agent, and that the plaintiff had notice that he was not to be personally liable. This conclusion may be properly drawn from the remarks of the Florida court in Bryce v. Bull, 106 Fla. 336, 143 So. 409, 410, where the court stated that:

"The rule that one who assumes to act as agent for a principal who has no legal status or existence renders himself individually liable on contracts so made does not apply where the third person has knowledge of the nonexistence or incompetency of the principal; or where it is expressly understood either that the agent shall not be held, or that the contractee with knowledge of the facts extends credit to the supposed principal, or that the agent's liability shall be limited to a fund held by him for the purpose of his agency."

The same thing is held in the decision made by the Florida Supreme Court in 1933 in Hunt v. Adams, 111 Fla. 164, 149 So. 24. See, also, Codding v. Munson, 52 Neb. 580, 72 N. W. 846, 66 Am. St. Rep. 524.

Section 326 of the Restatement of the Law of Agency in dealing with the situation of the liability of an agent of a principal known to be nonexistent lays down the proper rule:

"*Principal Known to be Nonexistent or Incompetent.*

"An agent purporting to make a contract with another for a principal whom both know to be nonexistent or wholly incompetent does not necessarily become a party to the purported contract; unless otherwise agreed, the agent is a party to such a contract."

Here it is plain that it was agreed by the declaration of trust that the defendant was not to be bound. The whole language of that instrument indicates that persons dealing with the trustee were to look to the property of the enterprise and not to any personal obligation of the defendant and his coadventurers.

It may be further argued that the defendant is personally liable because the notes are made by him and the words "Trustee of Fair Haven Estates" are mere terms of description. There might be some force in this contention if the action were by a holder of the paper in due course without notice of any limitation of the rights of the payee. But here the action is between the original parties to the note, and in such a case parol evidence is admissible to show the intent of the parties. Hazlett v. Willaume, 76 Fla. 514, 80 So. 309; Metcalf v. Williams, 104 U. S. 93, 26 L. Ed. 665; In re Delpark, Inc. (C. C. A.) 65 F.(2d) 582; New Georgia Nat. Bank v. J. & G. Lippman, 249 N. Y. 307, 313, 314, 164 N. E. 108, 60 A. L. R. 1344. The evidence in the present case clearly shows that neither the defendant nor any other certificate holder interested in the real es-

tate venture was to be bound to pay the notes personally.

The contention of the plaintiff that his knowledge of the terms of the declaration of trust did not limit his rights is directly in contradiction of Bryce v. Bull and Hunt v. Adams, supra. A statement in the earlier case of Drew v. Hobbs, 104 Fla. 427, 140 So. 211, 213, 141 So. 596, that the liability of the parties to an attempted trust in Florida real estate "would not be limited by any knowledge on the part of their creditors of the existence or terms of such trust agreement, if it has the legal effect hereinbefore referred to" must be limited to ventures where the trust does not provide that there shall be no personal liability. No such limitation appears in the trust set forth in the opinion in Drew v. Hobbs, and we can see no ground for supposing that persons cannot contract against personal liability to those who take their notes with that clear understanding.

Last it is argued that there was error in excluding evidence offered by the plaintiff to show that he had no knowledge of the provision of the declaration of trust. But evidence was properly excluded, for it nowhere tended to contradict the proof that Williams was plaintiff's attorney and knew the terms of defendant's obligation appearing in the declaration of trust and other instruments.

Inasmuch as there was no substantial proof of any personal liability on the part of the defendant, the direction of a verdict in his favor was proper.

Judgment affirmed.