319 So.2d 43 (1975)
Charles VODOPICH, Appellant,
v.
COLLIER COUNTY DEVELOPERS, INC. and Basil F. Mulley, Appellees.
No. 74-482.
District Court of Appeal of Florida, Second District.
September 24, 1975.
Charles R. Holley and Richard B. Lansdale, Naples, for appellant.
G. Holdt Garver, of Hadcock & Thomes, Naples, for appellee Mulley.
MOE, LEROY H., Associate Judge.
This is an appeal from that part of a jury verdict rendered against the Plaintiff in an action to recover a broker's commission. Plaintiff, Vodopich, a registered real estate broker, participated in a transaction involving the sale of land from Naples Bay Industries, Inc. to the Defendant/Appellee, Mulley, and others. For his services, he was entitled to a 10% commission amounting to $31,500.00. Vodopich subsequently agreed to forego his rights to that commission in consideration for the exclusive *44 right to resell said properties. This agreement was reached orally between Vodopich and Mulley, plus other persons not parties hereto, who were promoting the creation of a corporation which was to become the Co-Defendant, Collier County Development, Inc. At the time this agreement was reached with Mulley, Vodopich was aware of the nonexistence of the contemplated corporate entity.
The corporation was subsequently formed and held title to the properties in question, consummating several transactions for the resale of said properties. During this time, Vodopich unsuccessfully demanded the properties be listed as per the agreement for exclusive rights of resale reached with Mulley. Vodopich then brought suit for the resale commissions against Mulley personally and Collier County Developers, Inc.
In the trial court, a jury returned verdicts in favor of Vodopich as against Collier in the amount of $70,710.00, which was the total amount claimed by Vodopich. With regard to the claim against the Defendant, Mulley, however, the jury found him not to be personally liable for Vodopich's commission. It is from this latter decision that Vodopich appeals.
Appellant urges that the trial court erred in giving the following instruction to the jury:
"The rule that one who assumes to act as agent for a principal who has no legal status or existence renders himself individually liable on contracts so made does not apply where the third person has knowledge of a nonexistence or incompetency of the principal."
Appellee contends that this instruction is the law of Florida as stated in Bryce v. Bull, 1932, 106 Fla. 336, 143 So. 409. We disagree. It is true that similar language appears in Bryce as dictum, but the words taken from the factual context of that case have acquired a distorted meaning in the setting of the case at Bar.
We cannot agree with Appellee's assertion that Bryce stands as concrete authority for the proposition a corporate promoter will not be liable for contracts entered into on behalf of a nonexistent corporation when the party with whom he is contracting knows of the nonexistence of the contemplated corporation, for even in Bryce the Court found the promoter personally liable. In our opinion, before the promoter may escape liability, it must be shown that the parties agreed to bind the corporation alone.
As a general rule, the promoter of a corporation is personally liable on the contracts entered into on behalf of the corporation he is organizing. "`On the other hand, if the contract is on behalf of the corporation and the person with whom the contract is made agrees to look to the corporation alone for responsibility, the promoter incurs no personal liability.' ... This exception applies where a promoter contracts in the name of a corporation which is to be formed later and does not intend to be liable on it, and the other party knows that the corporation has not been formed and that the promoter does not intend to be liable." 2 Williston § 306 at p. 426 (1959), quoting from Frazier v. Ash, 5th Cir.1956, 234 F.2d 320, 326-327.
Bryce, in part, bases its authority for the language in question on Codding v. Munson, 1897, 52 Neb. 580, 72 N.W. 846. In Codding, both plaintiff and defendant attended several meetings of the citizens of York for the purposes of securing a location for an institution for orphans for a Missionary Society. Donations were to be made in the form of negotiable notes payable to a trustee. Defendant Codding was later designated by the citizenry as that trustee and he subsequently purchased the land from plaintiff Munson as trustee, conveying it in turn to the Missionary Society. A number of subscription notes were endorsed by Codding to Munson without recourse, but the aggregate amount was $250.00 short of the contracted price for *45 the property. Munson in turn brought suit against Codding personally for the balance. On appeal from a judgment for Munson, the Nebraska Supreme Court stated:
"... The presumption referred to is that the parties to a contract contemplate the creation of a legal obligation capable of enforcement, and that, therefore, it is understood that the obligation shall rest on the individuals who actively participate in the making of the contract, because of the difficulty in all cases  the impossibility in many  of fixing it upon the persons taking part in or submitting to the action of the evanescent assemblage. If, however, the person with whom the contract is made expressly agrees to look to another source for the performance of its obligations, or if the circumstances be such as to disclose an intention not to charge the agent, as where the other agrees to accept the proceeds of a particular fund, there is no longer reason to indulge the presumption, and it may be rebutted by proof of such facts... ."
The trial court had instructed the jury in Codding that, if they found Codding to have acted only as the agent and trustee for the Mothers' Jewels Home (orphanage, not yet established), they should find for the defendant Codding. This was held to be error, since Codding was the agent of the citizens of York rather than the Home. The Court held:
"... This principal having no legal status, the instruction should have been that Codding was liable unless the agreement was that Munson was to look solely to the subscriptions... ." (Emphasis added).
The Supreme Court of Florida, one year after the decision in Bryce, heard the case of Hunt v. Adams, 1933, 111 Fla. 164, 149 So. 24. In referring to the personal liability of an agent contracting for unincorporated societies, the Court, relying on the decision from the previous year in Bryce, found the agents not personally liable as a rule "on written contracts made with third persons when executed by them solely in the name of, and on behalf of, the unincorporated charitable ... society for which they purport to act, where the nature of the written contract entered into, and the particular manner of its execution, is on its face such as to clearly impute no intention on the part of those who sign on behalf of the unincorporated society, to bind themselves or their associate representatives personally." (citations omitted) (emphasis added).
Certainly this indicates that the Supreme Court in Bryce v. Bull, supra, did not intend the isolated statement, upon which Defendant relies, to mean that a promoter is relieved of personal liability if the person with whom he contracts merely has knowledge of the nonexistence of the corporate entity for whom the promoter purports to act. Bean v. Harris, Fla.App.3d, 1968, 212 So.2d 368; Brown v. Smith, 2d Cir.1934, 73 F.2d 524; Restatement of Agency § 326 (1958). If such were true, then, with the corporation's liability not arising until its adoption of the contract, the corporation would have an ingenious method of speculation sanctioned by the law, whereby it could reap all the speculative advantages of a timely adoption without any of the attendant disadvantages.
We feel that the instruction in question is only a partial statement of the law and, in the context of this case, erroneous. The instruction, set forth in the margin,[1] which was also given by the trial court, is a more appropriate statement of *46 the law with regard to promoter's liability and is in accord with Bryce v. Bull, supra.
Accordingly, we hold that there are factual issues in this case that can only be resolved by a properly instructed jury, and the remaining points on appeal are moot in light of this decsion.
The Judgment for Mulley and the consequent order taxing costs are hereby reversed. The case is remanded for a new trial on the claims of Vodopich against Mulley.
BOARDMAN, A.C.J., and GRIMES, J., concur.
NOTES
[1] "The promotor of a corporation is liable on his contract, although made on behalf of the corporation to be formed, unless the person with whom he contracts agrees to look to some other fund for payment. The later formation of the corporation and the adoption or ratification of the contract by the corporation may not free the promoter from his liability."