**In re Loren Dale OLSEN, Loren Olsen, d/b/a Olsen Trucking, Debtor.**

**Bankruptcy No. 80–267–BK–J.**

United States Bankruptcy Court, M. D. Florida, Jacksonville Division.

Sept. 26, 1980.

David L. Fleming, Jacksonville, Fla., for debtor.

Philip C. Owen, Jacksonville, Fla., for claimant.

MEMORANDUM DECISION AND ORDER RE CLAIM NO. 4

GEORGE L. PROCTOR, Bankruptcy Judge.

*Findings of Fact*

Upon testimony adduced and evidence received, the Court makes the following findings of fact.

1. On June 21, 1978, debtor began to operate the business known as Blair Transportation Company.

2. As a result of a sale solicitation by Bob Ethridge, a Charter salesman, debtor placed an order for tires.

3. The tires were delivered and placed on trucks belonging to Blair and marked "Blair."

4. Debtor did not intend to personally obligate himself for the tires.

5. Olsen Trucking, Inc., was incorporated on July 25, 1978.

6. Charter believed Olsen to be the purchaser of the tires and responsible for the obligation.

  A. All invoices were made out to "Olsen Trucking" or "Olsen Transportation."

  B. Charter's billing statements were sent to Olsen at the location where he regularly conducted business.

  C. When debtor called Bob Ethridge to advise him that the bills should be sent to Blair, the Charter representative replied that they could not do business with Blair.

7. Debtor was aware or should have been aware of Charter's belief that the purchases were made by Olsen Trucking, but he did not take adequate steps to correct Charter's misimpression.

  A. Debtor signed work orders made out to "Olsen Trucking." The first such

work order was signed on July 5, 1978.

B. The invoice of July 5, 1978, had a notation "new" in the "account number" section, as did fifty invoices from Charter to Olsen Trucking, giving debtor adequate notice that the account being serviced was not that of Blair.

C. One shipment of tires was paid for by a check imprinted "Olsen–General Account" that in no way would indicate that Olsen Trucking was a corporation.

8. Debtor's actions in dealing with Charter were insufficient to overcome the general rule that a promoter is personally liable for debts incurred before the corporation is formed.

9. Charter's alleged failure to mitigate damages was a course of conduct wholly consistent with its belief that Olsen and not Blair would be responsible for the tires.

## Conclusions of Law

1. Charter is not barred from asserting a claim against this estate by virtue of its failure to utilize the UCC reclamation remedy, if such remedy was available.

2. The operation and sales agreement between Blair and Olsen does not affect the rights of third parties, to wit: Charter Tire, the instant claimant.

3. Debtor did not adequately purport to be acting as an agent of Blair in such a manner as to disclaim personal liability.

4. Debtor in dealing with Charter, acted as a promoter for a yet unformed corporation.

5. A promoter is personally liable for contracts he makes on behalf of a non–existent corporation. *Vodapich v. Collier County Developers, Inc.*, 319 So.2d 43 (Fla. 2d DCA 1975).

6. Debtor's conduct did not bring him into the exception to the Promoter Liability Rule.

## Discussion

What we have here are the unhappy consequences of a person seeking the protection of a corporation but failing to properly observe corporate formalities. It is evident from the record that, like many businessmen at the outset of a venture, the debtor was not concerned with the prospect of failure. He believed that the obligations would be paid from the profits of the business, and so failed to take those steps which would have insulated from him liability.

The legal issue is whether Charter contracted with Olsen, a corporation of Olsen, or with Blair. It boils down to a question of offer and acceptance. Perhaps as the result of the efforts of an overzealous salesman, Charter offered credit to Olsen Trucking. By signing the work orders from Charter, Olsen accepted that credit. Because there was no corporation in existence at the time the contract was made, Olsen is personally liable for those debts.

Wherefore, in view of the foregoing discussion, debtor's objection to the claim of Charter Tire, Inc., is overruled, and the claim is allowed as filed.

ORDERED.