BASKIN, Judge.
Robert Schade, one of the participants in a land development venture, sued James Brown, another participant, who had been named trustee in the “MEMORANDUM TRUST AGREEMENT” executed by the parties. The agreement states: “the undersigned have pooled their funds in the manner hereinafter specified for the purpose of investing jointly in parcels of real estate” and “James M. Brown has agreed, as a matter of convenience to the group, to receive and disburse the funds of the group as Trustee and to take title to said real estate purchased in his name as Trustee....”
Contending that Brown had conspired with others to deprive him of his share of the venture, Schade instituted an action in which he demanded an accounting, appointment of a receiver, and damages.[1] The court appointed a receiver, who reported that the parties’ business had been conducted properly. Following a bench trial, the trial court agreed that Brown was not guilty of wrongdoing, and entered a final judgment in his favor. After considering the matter on motion for rehearing, however, the court concluded that Brown’s expenditures, made without court authorization, violated trust law. Consequently, the court found that Brown was responsible for the payment of “back” profits, expenses, attorney’s fees, and fees he had received for his services as trustee. The court reserved jurisdiction for the assessment of compensatory and punitive damages. Brown appealed. Finding that the trial court erred, we reverse.
*30 Resolution of the case before us depends on whether the parties’ agreement to develop land falls within the purview of trust law or of partnership law. We hold that the record discloses that the parties entered a joint venture governed by partnership law; thus, the trial court erred when, on rehearing, it vacated its original judgment and applied trust law standards in evaluating the conduct of trustee James Brown.
“An agreement among two or more to purchase specific property for speculation or resale at a profit is a joint adventure” and “is governed by partnership law.” Drew v. Hobbs, 104 Fla. 427, 430, 140 So. 211, 212, modified on other grounds, 104 Fla. 434, 141 So. 596 (1932); see Proctor v. Hearne, 100 Fla. 1180, 131 So. 173 (1930); see also Donahue v. Davis, 68 So.2d 163, 171 (Fla.1953); Rafkind v. Simon, 402 So.2d 22, 23 n. 1 (Fla. 3d DCA 1981) (a joint venture agreement is governed by the Uniform Partnership Act, §§ 620.56-77, Fla.Stat. (1979)); Deal Farms, Inc. v. Farm & Ranch Supply, Inc., 382 So.2d 888, 890 (Fla. 1st DCA 1980) (joint venture and partnership governed by same rule of law). A decision by the parties to take title to property through a trust does not change the nature of the parties’ relationship. Alter v. Finesmith, 214 So.2d 732, 737 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 538 (Fla.1969). For example, in Drew, the court found:
The memorandum of trust agreement dated November 14, 1925, between Frederick E. Lewis, trustee, and John H. Drew, recites that the parties executing same had jointly purchased certain real estate therein described, and that, for their convenience in handling, selling, and disposing thereof, the title thereto had been taken in the name of Lewis, as trustee, upon condition that both the purchasers should share equally in any and all net proceeds received from the sale of the land according to their pro rata interest in same.
[[Image here]]
In this case the court would have .been warranted in deciding as a matter of law that a joint adventure existed between the defendant, John H. Drew, and Frederick E. Lewis in the specific venture for profit jointly sought by them without actual partnership or corporate designation in the purchase of the lands described in the memorandum of trust agreement hereinbefore referred to.
Drew, 104 Fla. at 429-30, 432, 140 So. at 212, 213 (emphasis supplied); see also Matter of Buchman, 600 F.2d 160, 162 n. 3 (8th Cir.1979) (where joint venturer took title in his own name, alone, as trustee, solely for convenience in the purchase, improvement and resale of the land, despite the formal appearance that he was a beneficiary of a trust, his interest was actually that of a partner); Willey v. W.J. Hoggson Corp., 90 Fla. 343, 354, 106 So. 408, 412 (1925) (“A trust is not established by merely naming a person as ‘trustee.’ ”).
Thus, the naming of one of the joint venturers as trustee does not alter the joint venture relationship, and the trial court’s application of trust law on rehearing was error.
Reversed and remanded for further proceedings consistent with this opinion.

. The trial court dismissed Schade’s earlier action against Brown and others for failure to obey discovery orders; this court affirmed in Schade v. Brown, 375 So.2d 16 (Fla. 3d DCA 1979).