DOWNEY, Judge.
Appellant sued appellees and Kelcor Communications, Inc., in a five-count complaint arising out of a contract for the sale of the assets of a business owned by appellant. From a final judgment entered upon a motion to dismiss for failure to state a cause of action, appellant has perfected this appeal.
*420 The contract between the parties provided, among other things:
THIS AGREEMENT is entered into by and among Communications Stations of Broward, Inc. (hereinafter referred to as “Seller”) and Joan and Herbert Decker, husband and wife, not as individuals but as nominees for a [sic] as yet unformed Florida corporation, their assigns or nominees (hereinafter collectively referred to as “Purchaser”).
In Paragraph X the contract provides:
ASSIGNMENT: This contract shall be assignable by the Purchaser; provided, however, all closing documents will provide that all sums payable to the Seller will become immediately due and payable. [sic] [i]f Joan and Herbert Decker convey their interests in the assets other than to a corporation which they are the sole shareholders; and any other transferees must qualify with the Franchiser.
The Deckers, appellees, also agreed to the following provision on page 7 of the contract:
b/ Promissory note(s), on the terms set forth above; executed by Purchaser and guaranteed by Joan and Herbert Decker jointly and severally provided, however, should payments be current and made in a timely manner for the first 36 (thirty-six) installments, then and in that event only, the said guarantee shall be limited to one-half of the then remaining balance under said note after the thirty-sixth (36th) installment.
Appellant’s complaint alleged, among other things, that appellees entered into the contract as promoters and nominees of Kelcor and, as such, were to purchase the assets of appellant’s business. On appeal, appellant contends 1) that it was error to dismiss its complaint for failure to state a cause because the contract is ambiguous as regards the Deckers’ liability thereunder; and 2) in any event, the trial court erred in not allowing appellant leave to amend even once.
We believe the order of dismissal at this stage of the proceedings is premature because there is sufficient indication of ambiguity regarding the liability of the Deckers as promoters to require further development of the parties’ intention in entering into the contract.
The general rule set forth in Vodopich v. Collier County Developers, Inc., 319 So.2d 43, 44 (Fla. 2d DCA 1975), is:
As a general rule, the promoter of a corporation is personally liable on the contracts entered into on behalf of the corporation he is organizing. “ ‘On the other hand, if the contract is on behalf of the corporation and the person with whom the contract is made agrees to look to the corporation alone for responsibility, the promoter incurs no personal liability.’ ... This exception applies where a promoter contracts in the name of a corporation which is to be formed later and does not intend to be liable on it, and the other party knows that the corporation has not been formed and that the promoter does not intend to be liable.” 2 Williston § 306 at p. 426 (1959), quoting from Frazier v. Ash, 5th Cir.1956, 234 F.2d 320, 326-327. [Emphasis supplied.]
Thus, in Vodopich the court advised that the proper instruction to be given a jury where a like question is involved is:
“The promoter of a corporation is liable on his contract, although made on behalf of the corporation to be formed, unless the person with whom he contracts agrees to look to some other fund for payment. The later formation of the corporation and the adoption or ratification of the contract by the corporation may not free the promoter from his liability.” [Emphasis supplied.]
Id. at 45, n. 1.
The motion to dismiss, of course, admits the well pleaded allegations of the complaint. The sense of the complaint is that the Deckers were acting for themselves, as well as promoters of Kelcor. Furthermore, while the introductory paragraph of the contract states that the Deckers are nominees of an “as yet unformed Florida corporation” the contract, taken as a whole, nowhere states that their liability as a promoter is limited. Therefore, the evidence in the case should be developed to demon *421 strate whether there is an issue of fact regarding the intent of the parties as to the Deckers’ personal liability.
Accordingly, we reverse the judgment appealed from and remand the cause for further proceedings, including leave to amend the complaint if appellants choose to do so.
ANSTEAD and WALDEN, JJ., concur.