STONE, Judge.
We reverse a final judgment quieting the title to property in favor of the joint venture, a remote grantor, and against the present record owners, the Hayeses and Fairs.
The joint venture acquired the property in 1980 by deeds naming the grantee as “HJ.S.B.B. Joint Venture.” It conveyed the same property in 1985 to the Siegels by a quitclaim deed identifying the grantor as “HJ.S.B.B. Joint Venture, a Florida General Partnership.” That deed was executed by a member of the joint venture and signed, “Symon Marder (Partner).” The deed was accompanied by an affidavit executed by Marder providing:
“He is one of the partners of HJ.S.B.B., Joint Venture, a Florida Partnership; that the other partners are Robert Carrie and Henk Horbeck; that Symon Marder the partner executing the conveyance had the authority to do so and that the conveyance was made for carrying on in the usual way the business of the partnership.”
The property was subsequently divided and conveyed by the Siegels to the Hayeses and Fairs. The joint venture agreement was never recorded. It is undisputed that the appellants were bonafide purchasers without actual notice.
The trial court determined that the deed from the joint venture was invalid, as unauthorized by the other joint venturers. The court held that the subsequent purchasers had constructive notice of the title defect because: (1) title was in a joint venture and it “cannot be construed as a partnership”; (2) a conveyance by a quitclaim deed, not specifying with particularity any greater interest conveyed, transfers only the signator’s interest in the joint venture; and (3) adding the words, “a Florida General Partnership” to the grantor’s name places a duty on all subsequent purchasers to go behind the deed and affidavit and determine the authority of the signator to execute the deed on behalf of the entity.
The appellees argue that the trial court judgment resolved issues of fact, while the appellants contend that the issues decided were essentially of law. The appellants further assert that the ultimate questions presented are whether a bonafide purchaser is placed on notice, by the deed, of the need to inquire into the terms of the joint venture agreement, and whether the Uni *1002 form Partnership Act, sections 620.101-620.192, Florida Statutes, applies to joint ventures. The evidence included testimony by members of the joint venture, the subsequent purchasers, and their agents. An attorney testified as an expert for the joint venture.
The appellees contend that a joint venture is not necessarily the same as a partnership, and that the buyers were on notice of a potential problem (1) because the grantor’s name on the conveyance was not identical to the name in which title was taken, (2) because the conveyance was by quitclaim deed and that deed was not sufficiently specific as to the extent of the interest conveyed, and (3) because the deed indicates payment of documentary stamps reflecting a consideration of substantially less than fair market value.
In this state partnerships may take and convey title in the partnership name. § 620.595, Florida Statutes (1991). The procedure for conveying title held in a partnership name is provided in section 620.-605(1):
(1) When title to real property is in the partnership name, any partner may convey title to the property by a conveyance executed in the partnership name; but the partnership may recover the property unless the partner’s act binds the partnership under the provisions of s. 620.-60(1), or unless the purchaser or his as-signee is a holder for value without knowledge that the partner has exceeded his authority in making the conveyance. When title is held in the partnership name and it is necessary to identify the partners at the time of a conveyance, encumbrance, or other instrument affecting partnership real property, one of the partners may execute an affidavit stating the names of the partners and that they are the partners then existing. The affidavit shall be conclusive as to the facts therein stated as to purchasers without notice.
Generally, it is said that laws applicable to partnerships govern joint ventures; the only distinction being that a joint venture is limited to a specific enterprise or object and terminates when that object has been completed. E.g., Kislak v. Kreedian, 95 So.2d 510 (Fla.1957); Russell v. Thielen, 82 So.2d 143 (Fla.1955); Donahue v. Davis, 68 So.2d 163 (Fla.1953). More specifically, “an agreement among two or more to purchase specific property for speculation or resale at a profit is a joint venture and is governed by partnership law.” Brown v. Schade, 506 So.2d 29, 30 (Fla. 3d DCA), rev. denied, 515 So.2d 230 (Fla.1987).
The Uniform Partnership Act, encompassing the statutory sections relevant to this appeal, has been recognized as governing joint ventures. Rafkind v. Simon, 402 So.2d 22 (Fla. 3d DCA 1981). This is consistent with caselaw holding that joint ven-turers have the power to individually bind the joint ventures to matters within its scope. Cf. Kline v. Devcon Realty Corp., 285 So.2d 641 (Fla. 3d DCA 1973), cert. denied, 297 So.2d 26 (Fla.1974). Century Bank of Lee County v. Gillespy, 399 So.2d 1109 (Fla. 5th DCA 1981) recognized this in holding:
regardless of whatever attributes a joint venture may have which, for other purposes, distinguish it from a traditional partnership, if a “joint venture” in fact meets the definition of a statutory partnership as set out in section 620.585, Florida Statutes (1979), it is a partnership for the purpose of acquiring, holding and conveying title to real property in the name of the joint venture (partnership) as an entity separate from its members as provided in sections 620.595 and 620.605, Florida Statutes (1979).
The deed here purported to convey “all” of the grantor-joint venture’s right title and interest. With respect to conveyances by quitclaim deed, section 695.01(2) provides:
Grantees by quitclaim, heretofore or hereafter made, shall be deemed and held to be bona fide purchasers without notice within the meaning of the recording acts;
Upon our review of the record, we conclude that the quitclaim deed and its wording, as well as the question raised concerning the amount of documentary stamps, were insufficient, to impute actual notice to subse *1003 quent grantees that there was a deviation from the terms of the joint venture agreement.
Nothing about the nature of a joint venture should cause a conveyance by a joint venture to receive treatment inconsistent with that afforded a conveyance by a partnership simply because a phrase describing it as a partnership is added to the entity’s name in the deed. The wording of the deed no more alerts a purchaser to any failure to comply with a joint venture agreement than the adding of a similar descriptive phrase would alert a purchaser from a partnership or corporation to a deviation by the signator from the terms of their founding documents. We deem Reaves v. Hembree, 330 So.2d 747 (Fla. 1st DCA 1976), cert. denied, 345 So.2d 423 (Fla.1977), relied on by appellee, to be inapposite as in that case there was actual knowledge.
We recognize that the trial court received expert testimony that a careful title examiner would inquire further into the signator’s authority. We note that such an examination was recommended for partnership conveyances as well as joint ventures. Nevertheless, to mandate such additional investigation as a matter of law is contrary to the overriding purpose of the statute. The public policy reflected in the statute obviously is to facilitate commercial transactions by partnerships which might be hampered by a requirement for additional inquiry not required of corporate transfers. We conclude that the statute eliminates the preexisting legal requirement for such a precaution for joint ventures as well as for partnerships.
Therefore, the judgment quieting title in the joint venture is reversed and the cause remanded for further proceedings consistent with this opinion.
GUNTHER, J., and WALDEN, JAMES H., Senior Judge, concur.